Argued June 4, affirmed September 10, 1973

GRIMES, *Appellant, v.* JOHNSON, *Respondent.*

513 P2d 1138

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the brief were Ringo, Walton, McClain & Eves, Corvallis.

*J. Philip Parks,* Salem, argued the cause for respondent. On the brief were Miller, Beck & Parks, Salem.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for personal injuries suffered as a result of an automobile accident. She appeals from a judgment for defendant entered pursuant to a jury verdict.

Plaintiff was operating her vehicle in a westerly direction on the four-lane highway (two lanes in each direction) between Salem and Dallas, when she had a collision with a vehicle driven by defendant which entered the highway from a side road from the north. Defendant had intended to turn towards the east after she entered the highway.

As her first assignment of error, plaintiff contends that the trial court failed to comply with her oral request to instruct the jury that plaintiff sustained some injuries as a result of the accident. Instead, the court instructed "* * * then it becomes your duty to decide whether the Plaintiff has been damaged and if so, the amount of her damage." The evidence conclusively showed that plaintiff received physically demonstrable injuries as a result of the accident. The witness for both parties so testified and defendant admitted in her answer that plaintiff so received some injuries. Though there was an oral request for the instruction, plaintiff took no exception to the erroneous instruction submitting to the jury an issue which did not exist.

■ Assuming that the oral request for the instruction was a sufficient request to require the court to comply therewith or in the alternative to submit only the issue of the *extent* of plaintiff's injuries resulting from the accident, we do not believe the court's error was prejudicial to plaintiff. Because no issue was made concerning the matter during trial, and because the pleadings which were submitted to the jury admitted some injuries resulting from the accident, it is inconceivable that the jury was in any way misled or that it decided the case upon the basis that plaintiff received no injuries as a result of the accident.

■ Plaintiff next assigns as error the trial court's failure to take from the jury's consideration defendant's allegation that plaintiff was contributorily negligent in failing to maintain and keep a proper lookout. Plaintiff testified she put on her brakes as soon as she saw defendant's vehicle pulling onto the highway, but there were no skid marks made by plaintiff's ve-

hicle prior to the point of impact. A witness following plaintiff testified he saw no stop lights activated on the rear of plaintiff's vehicle prior to the accident. Plaintiff's view at that point was unimpeded and defendant traveled 34 feet from the stop sign to the point of impact at the far side of the second lane of westbound travel. From this testimony, the jury could conclude that plaintiff did not see defendant's vehicle entering the highway as soon as she should have and, therefore, that she did not keep a proper lookout.

The last assignment of error is that the trial court failed to instruct the jury, as requested by plaintiff, that defendant was negligent as a matter of law in failing to keep a proper lookout for plaintiff's vehicle. There was testimony that from the stop sign defendant had from 500 to 850 feet of unimpeded view along the highway in the direction from which plaintiff was coming. Defendant said she looked in that direction and saw no one. She testified that after she pulled across the fog line she did not thereafter look in plaintiff's direction. Also, there was evidence that as defendant pulled across the highway she was looking in the other direction. As previously stated, the accident occurred at the far edge of the second lane of westerly traffic.

However, a disinterested witness testified that just prior to the accident plaintiff's vehicle had overtaken and passed him and that at that time it was traveling 70 miles per hour or more. The area was signed for a maximum speed of 60 miles per hour. At 70 miles per hour plaintiff would be traveling approximately 103 feet per second. The speed of plaintiff's vehicle and the adequacy of defendant's lookout are necessarily interrelated. Defendant had to look

both ways. We believe that all of the testimony made a jury case as to whether defendant was negligent in failing to see plaintiff or to look to her left after she crossed the fog line.

The judgment of the trial court is affirmed.