Submitted February 27, affirmed December 16, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RONALD JOSEPH VANLOM,
aka Ronald Joseph Van-Lom,
*Defendant-Appellant.*

Washington County Circuit Court
D070541T; A136547

222 P3d 49

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Samuel A. Kubernick, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for misdemeanor driving while under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his motion to suppress the evidence of his intoxication observed during what he contends was an unlawful traffic stop. We affirm.

The relevant facts are not in dispute. Late one night, at about 1:00 a.m., Washington County Deputy Sheriff Pastori saw defendant leave a bar and pull out of the parking lot in a full-size pickup truck. Pastori followed defendant in his patrol car, and, while doing so, observed the pickup's left tires drive briefly onto the double yellow center line and then, shortly after that, observed the pickup's right tires drive briefly onto the white fog line.[1] The tires never completely crossed over the lane lines. Where defendant drove onto the fog line, Pastori later described, "[y]ou can't really go over the fog lines on that location without going off the road. The fog line's real close to the edge of the roadway, so the tires just drove onto the fog line." At that stretch of the road, each lane is approximately 11 feet wide.

As defendant negotiated a curve a bit further down the road, Pastori saw defendant's right tires drive onto the fog line two more times. At that point, Pastori had been following defendant for "[m]aybe a half mile to a mile." Pastori then stopped defendant for failure to drive within his lane and on reasonable suspicion of DUII.

During the stop, Pastori smelled alcohol on defendant's breath. He also noticed that defendant had poor enunciation and bloodshot eyes and that he was swaying and stumbling. Pastori had defendant perform field sobriety tests, which defendant failed. Pastori also administered a breath test to defendant, which disclosed a blood alcohol content of 0.15. Defendant was charged with DUII.

---

[1] That term does not appear in the Motor Vehicle Code. The Supreme Court has, however, noted that a "fog line" is a boundary marking the beginning of the trafficked portion of a highway. *James v. Carnation Co.*, 278 Or 65, 75 n 11, 562 P2d 1192 (1977) (citing *Grimes v. Johnson*, 266 Or 398, 401, 513 P2d 1138 (1973)).

Before trial, defendant moved to suppress all evidence obtained as a result of the stop, asserting that the stop was unlawful. At the hearing on the motion, Pastori testified to the foregoing facts. He asserted that he had probable cause to stop defendant for failure to drive within his lane in violation of ORS 811.370 because defendant drove onto the lines demarcating his lane of travel four times. He noted that he regularly observes drivers negotiate that stretch of road without driving onto the lane lines. He also asserted that, given that defendant had just left a bar and that defendant was unable to drive without touching the lane lines, he had reasonable suspicion that defendant was driving while intoxicated. On those bases, the state argued, the stop was lawful. Defendant argued that Pastori had neither probable cause to believe that defendant had violated ORS 811.370 nor reasonable suspicion of DUII.

The trial court agreed with the state and denied defendant's motion to suppress. The court found that there was no explanation for defendant driving onto the center line, that is, there was no debris or obstruction in the roadway and there was no evidence that the width of defendant's truck exceeded the width of the lane. Accordingly, the court concluded that driving onto the center line—even once—constituted probable cause for Pastori to believe that defendant had violated ORS 811.370. Because it was unnecessary to do so, the court did not decide whether Pastori also had reasonable suspicion to stop defendant for DUII. After a trial on stipulated facts, defendant was convicted as charged.

◼   On appeal, defendant assigns error to the trial court's denial of his motion to suppress, again arguing that the stop was unlawful because Pastori lacked probable cause to stop defendant for a violation of ORS 811.370. He does not dispute that Pastori subjectively believed that he had lawful authority for the stop. He asserts, instead, that Pastori's subjective belief was not objectively reasonable.

In support of that contention, defendant advances essentially two arguments. First, he contends that briefly driving onto the center line does not constitute a failure to drive within a lane as defined in that statute. Defendant acknowledges that, in *State v. McBroom*, 179 Or App 120,

125, 39 P3d 226, *rev den*, 334 Or 397 (2002), we concluded that driving on the center line for approximately 300 feet "for no apparent reason" constituted probable cause to believe that the driver had violated ORS 811.370. According to defendant, the fact that he drove onto the center line and the fog line so briefly makes *McBroom* distinguishable. Second, defendant also contends that, in any event, it was not practicable for him to drive without touching the lane lines, given that he was driving a large truck on a "narrow and winding" roadway at night.

The state responds that driving onto the lines demarcating a lane of travel—whether the center line or the fog line, and even if only for a brief moment—is sufficient to establish probable cause for a traffic stop based on a violation of ORS 811.370. According to the state, "it is undisputed that defendant's truck tires did not stay 'within' the lane lines, and there was no evidence that defendant's conduct was caused by something outside of his control."

■ To determine whether Pastori had probable cause to stop defendant for failure to drive within a lane, we must decide whether he perceived facts establishing the elements of that traffic violation. *See State v. Chilson*, 219 Or App 136, 141, 182 P3d 241, *rev den*, 344 Or 670 (2008).

■ A police officer is " 'not required to eliminate all possible lawful explanations for conduct that reasonably appears to violate the law,' " and it is enough "[i]f the officer observed an action that he believed was an infraction and that belief is objectively reasonable." *State v. Isley*, 182 Or App 186, 191, 48 P3d 179 (2002) (quoting *State v. Bourget-Goddard*, 164 Or App 573, 578, 993 P2d 814 (1999), *rev den*, 330 Or 331 (2000)).

ORS 811.370 defines the violation and provides, in part:

"(1)  A person commits the offense of failure to drive within a lane if the person is operating a vehicle upon a roadway that is divided into two or more clearly marked lanes for traffic and the driver does not:

"(a)  *Operate the vehicle as nearly as practicable entirely within a single lane*; and

"(b)  Refrain from moving from that lane until the driver has first made certain that the movement can be made with safety."

(Emphasis added.) The question in this case, then, is whether Pastori's observation that defendant several times briefly drove onto the fog line and the center line reasonably supported Pastori's belief that defendant had failed to operate his vehicle "as nearly or practicable entirely within a single lane."

As we have noted, in *McBroom*, we held that the officer had probable cause to stop the defendant for a violation of ORS 811.370 when his vehicle's tires drove on the center line for approximately 300 feet "for no apparent reason." 179 Or App at 125. In that case, we rejected the defendant's argument that driving on the center line, so long as the tires do not cross over the line, does not constitute failure to drive within a lane. *Id.* at 123-24. "[ORS 811.370(1)] make[s] clear," we explained, "that the phrase 'within a single lane' does not mean 'on' the lines that mark or divide the lanes. Rather, the statute requires that drivers stay 'within' the lines that mark the lanes." *Id.* at 124. We acknowledged that "[w]hat is practicable or feasible will vary with the circumstances of each case," *id.* at 125 (citing *Frasier v. DMV*, 172 Or App 215, 220, 17 P3d 582 (2001)), but noted that there was nothing in the record "to suggest that [the] defendant failed to stay within his lane because he was responding to an apparent hazard or because he had some other valid reason for leaving his lane," *id.* We expressly declined to decide whether "touch[ing] the center line only briefly * * *, standing alone, would give an officer probable cause to believe that a driver had failed to operate his car or her car 'as nearly as practicable entirely within a single lane.' " *Id.* at 125 n 3.

In this case, we agree with the state that Pastori had probable cause to stop defendant for a violation of ORS 811.370. As we held in *McBroom*, ORS 811.370 requires drivers to drive "within" a lane, conduct that does not include driving *on* the "lines that mark * * * the lanes." 179 Or App at 124. Defendant does not dispute that he drove on the lane lines. Instead, he urges us to conclude that his driving on the

lane lines, because it was so brief, does not constitute a violation of the statute. This case, however, does not involve a single incident of defendant briefly driving onto a lane line. Defendant drove onto the lane lines four times over a relatively short distance. In fact, according to Pastori's description, when defendant first drove onto the fog line, he nearly drove off the road, given how close the line was to the edge of the roadway. Because there was no evidence that something beyond defendant's control prevented him from operating his vehicle in his lane without touching the lane lines, Pastori had probable cause to stop defendant for a violation of ORS 811.370.

The trial court correctly determined that the underlying stop was supported by probable cause.

Affirmed.