Argued and submitted August 31, 2011, affirmed August 29, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**RALPH LAWRENCE WENTWORTH,**
*Defendant-Appellant.*

Lake County Circuit Court
080304CR; A142846

284 P3d 1250

Lane W. Simpson, Judge.

Jedediah Peterson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Paul L. Smith, Attorney-in-Charge, Collateral Remedies Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.*

---

\* Brewer, J., *vice* Rosenblum, S. J.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for unlawful possession of marijuana, ORS 475.864(2). Defendant assigns as error the trial court's denial of his motion to suppress evidence obtained during a traffic stop, asserting that the officer lacked probable cause to stop him for failure to drive within a lane, ORS 811.370 (2007).[1] Defendant makes two arguments about whether the officer lacked probable cause to stop defendant's vehicle for a violation of ORS 811.370. We conclude that one argument is incorrect and that the other was not preserved. On review for errors of law, *State v. McBroom*, 179 Or App 120, 123 n 1, 39 P3d 226 (2002), we affirm.

The relevant facts are undisputed. Oregon State Police Trooper Hargas was driving behind defendant's vehicle on a curvy road designed for two-way traffic. That road had a double yellow line in the center and a white fog line on each outer edge. While defendant was rounding a curve, Hargas observed a tire on defendant's vehicle cross entirely, by an inch or two, over the white fog line. Defendant's vehicle stayed in that position for one or two seconds before drifting back. On that basis, Hargas stopped defendant for failure to drive within a lane. During the stop, Hargas discovered more than four ounces of marijuana.

Defendant was charged with unlawful possession of marijuana. Before trial, defendant moved to suppress all evidence obtained as a result of the stop, arguing that Hargas lacked probable cause to stop him for failure to drive within a lane. In his opening statement, defendant characterized his argument as follows:

---

[1] All references to ORS 811.370 are to the 2007 version. That statute provides, in part:

"(1) A person commits the offense of failure to drive within a lane if the person is operating a vehicle upon a roadway that is divided into two or more clearly marked lanes for traffic and the driver does not:

"(a) Operate the vehicle as nearly as practicable entirely within a single lane; and

"(b) Refrain from moving from that lane until the driver has first made certain that the movement can be made with safety."

"And our corollary is that the white outside line is referred to as an edge line or a fog line. It is there just for visual purposes. Crossing it is not a violation of law and that does not justify a basis for a stop[;] therefore[,] we think there was no basis for that and everything should fall thereafter."

Later, in his closing argument, defendant reiterated his argument that a fog line does not demarcate the outer boundary of a lane for the purposes of ORS 811.370:

"That lane, from the middle [yellow center line] to the end of the pavement, is his lane. That is the lane of travel. Things off to that would be referred to as the shoulder, and he has a right to travel on that. Why is the white line there? And again, that is on page 26 [of the Oregon Driver Manual]—and there was nothing in the [Motor Vehicle Code] that we could find that did that—it said, 'Solid white lines, edge or fog lines are guides to help drivers stay on the road, especially at night or in bad weather. Solid white lines may also be used to channel or direct traffic in specific lanes or at intersections. Only cross a solid white line with caution.'

"I think the very argument that they make that you only can travel it with caution very well says that that does not define the lane. If it defined the lane and you're made to maintain a lane then you would never cross. But this specifically says, no, the white lines are there for identification purposes to help you to find the roadway or the lane, and you can cross it. And so by that very language, it supports the conclusion that the white line, the edge line or the fog line does not define the lane. I think that makes it very clear. And so what is going on here is [defendant] is driving, he is driving down the road, he crosses the white line, he goes back in. I don't think the state would argue that one would legally be able to park all the way out to the edge of that white line and be called a parking lane. That clearly would not be true. The white line is, again, just there and it allows him to drive out to the pavement and keep his identification.

"* * * * *

"If you're wrong on the law then the matter fails. We believe that crossing the fog line—the edge line or the fog line—is not a violation of law."

The trial court concluded that the stop was supported by probable cause and, accordingly, denied defendant's motion to suppress. After a stipulated facts trial, defendant was convicted of unlawful possession of marijuana.

On appeal, defendant assigns error to the trial court's denial of his motion to suppress, asserting that Hargas did not have probable cause to stop him for failure to drive within a lane. To lawfully stop and detain a person for a traffic infraction, an officer must have probable cause to believe that that infraction has been committed. *State v. Isley*, 182 Or App 186, 190, 48 P3d 179 (2002). "Probable cause exists if, at the time of the stop, the officer subjectively believes that the infraction occurred and if that belief is objectively reasonable under the circumstances." *Id.* "[A]n officer's subjective belief that a traffic infraction occurred is objectively reasonable if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction." *State v. Tiffin*, 202 Or App 199, 204, 121 P3d 9 (2005); *see also State v. Vanlom*, 232 Or App 492, 496, 222 P3d 49 (2009) ("To determine whether [the officer] had probable cause to stop defendant for failure to drive within a lane, we must decide whether he perceived facts establishing the elements of that traffic violation.").

As noted, ORS 811.370 provides, in part:

"(1)   A person commits the offense of failure to drive within a lane if the person is operating a vehicle upon a roadway that is divided into two or more clearly marked lanes for traffic and the driver does not:

"(a)   *Operate the vehicle as nearly as practicable entirely within a single lane*; and

"(b)   Refrain from moving from that lane until the driver has first made certain that the movement can be made with safety."

(Emphasis added.) Here, defendant does not dispute that Hargas subjectively believed that defendant had committed that traffic infraction. Rather, defendant contends that Hargas's belief was not objectively reasonable because the facts perceived by Hargas do not satisfy the elements of ORS 811.370.

In support of that contention, defendant makes two arguments. First, he reiterates his argument from below that a fog line does not demarcate the outer boundary of a "lane" but, rather, acts merely as a guide for drivers. In defendant's view, crossing a fog line can never result in a violation of ORS 811.370. We disagree. We have previously rejected an identical argument, and we do so again here without further discussion. *See State v. Roberts*, 241 Or App 589, 591, 251 P3d 232, *rev den*, 350 Or 574 (2011) (rejecting the defendant's argument that, under ORS 811.370, "the fog line 'is not a demarcation of the lane but only a guide for drivers'"); *see also Vanlom*, 232 Or App at 498 (a stop pursuant to ORS 811.370 was supported by probable cause where the defendant drove "onto the lane lines four times," including three times on the fog line).

Second, defendant argues that the facts perceived by Hargas—that defendant's tire entirely crossed the fog line by one or two inches for one or two seconds—do not suffice to satisfy the elements of ORS 811.370. In other words, defendant asserts that the crossing was too "incidental and momentary" to fit within the purview of the statute. As defendant points out, we have previously "expressly declined to decide whether touch[ing] the center line only briefly * * *, standing alone, would give an officer probable cause to believe that a driver had failed to operate his car or her car as nearly as practicable entirely within a single lane." *Vanlom*, 232 Or App at 497 (internal quotation marks omitted; ellipsis and brackets in *Vanlom*); *see also McBroom*, 179 Or App at 125 n 3 (declining to decide that issue). Defendant asserts that that issue is presented here. The state, on the other hand, contends that defendant did not "just briefly touch the fog line" but, rather, crossed entirely over the line and that, under those circumstances, the stop was supported by probable cause. The state concedes that defendant preserved this contention.

That concession is not well taken. We conclude that defendant failed to preserve his argument that the stop was not supported by probable cause because of the "incidental and momentary" manner in which his tire crossed over the fog line. *See State v. Tryon*, 242 Or App 51, 53 n 1, 255 P3d

498 (2011) (court has "obligation to determine *sua sponte* whether a contention has been preserved for appellate review" (internal quotation marks omitted; emphasis in original)). As noted, defendant argued below that a "fog line does not demarcate the outer boundary of a "lane" as that term is used in ORS 811.370. Defendant did not argue that, in any event, the facts concerning his particular crossing of the fog line—those that suggest that the crossing was "incidental and momentary"—were not sufficient to satisfy the elements of the statute. Those two arguments differ fundamentally, and defendant's presentation of the former argument did not adequately alert the trial court to the latter argument. *See State v. Reeves*, 250 Or App 294, 301, 280 P3d 994 (2012) (to preserve an argument for appeal, "[t]he appellant must have made the argument with sufficient particularity to allow the trial court to rule on the argument and correct any error"). Nor do we have occasion to treat the alleged error as one "apparent on the record" under ORAP 5.45(1). The legal point that defendant asserts is reasonably in dispute, and, therefore, any error is not "apparent." *See State v. Reynolds*, 250 Or App 516, 519-20, 280 P3d 1046 (2012) ("[W]e may review an unpreserved error as one apparent on the record under ORAP 5.45(1) if certain conditions are met: (1) the error is one of law; (2) the error is apparent, in that the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record, such that we need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." (Internal quotation marks and brackets omitted.)). Accordingly, the trial court did not err in denying the motion to suppress.

Affirmed.