Submitted March 27, affirmed May 15, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK CHARLES COSSETTE,
*Defendant-Appellant.*

Coos County Circuit Court
11CR0228; A149285

301 P3d 954

Peter Gartlan, Chief Defender, and Alice Newlin-Cushing, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Andrew M. Lavin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant appeals a judgment of conviction for unlawful possession of a controlled substance (hashish), raising three assignments of error. We reject defendant's second and third assignments of error without discussion. In his first assignment of error, defendant argues that the trial court erred by refusing to give a special jury instruction that would have informed the jurors that possession of less than an ounce of dried marijuana leaves, stems, and flowers is a violation, not a crime. Defendant contends that he was entitled to the special instruction because it would have supported a theory that, in fact, he possessed only dried marijuana, and not hashish. We reject that argument because it is not properly preserved for our review. Accordingly, we affirm.

Because defendant's argument relates to the trial court's rejection of his requested jury instruction, "we view the facts in the light most favorable to defendant." *State v. Wan,* 251 Or App 74, 80, 281 P3d 662 (2012). We describe the facts according to that standard.

A state trooper who was patrolling trails around a lake observed defendant smoking from a multicolored glass pipe and smelled the odor of burnt marijuana. The trooper asked defendant whether he had a medical marijuana card, and defendant responded that he did not have a card, but needed to get one. The trooper seized defendant's pipe and saw that it contained "some material," which he described at trial as "burned on top and * * * resinous, almost tarball-ish looking." The trooper initially cited defendant for possession of less than one ounce of marijuana, as he had not then formed a belief that the substance in the pipe was hashish, rather than dried marijuana.[1] The trooper then "broke contact" with defendant.

Later, after preliminary testing indicated that the substance likely was hashish, the trooper called defendant and "told him to disregard the citation" because the trooper "was going to send * * * the pipe in for testing for hashish,

---

[1] The trooper testified that hashish is "a concentrated form of marijuana" that is "essentially the resin of cannabis—the plant."

which would be a different charge if that was * * * positive." Defendant told the trooper that he had not known that the substance was hashish and asserted "that it was not his pipe." The trooper sent the pipe and the material it contained to the forensic laboratory of the Oregon State Police. Testing there also indicated that the "chunk" of material from the pipe was 0.38 grams of cannabis resin, *i.e.*, hashish.

An amended indictment charged defendant with unlawful possession of cannabis resin in violation of ORS 475.840(3) (2009), which generally made it "unlawful for any person *knowingly or intentionally* to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or [in other circumstances not applicable here]." (Emphasis added.) As pertinent to defendant's arguments, Oregon law also then provided that, notwithstanding the statute classifying unlawful possession of marijuana as a Class B felony, such possession was only a violation—*i.e.*, not a crime—"if the amount possessed [was] less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae." ORS 475.864(3) (2009).

Before trial, defendant requested a special jury instruction that would have informed the jurors that possession of less than one ounce of dried marijuana is not a crime. Defendant's requested instruction stated:

"Unlawful possession of marijuana is a violation, not a crime, if the amount possessed is less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae."

Defendant argued in the trial court that he was entitled to that special instruction because a jury could determine, based on evidence in the record, that defendant had believed that he possessed only dried marijuana leaves, stems, and flowers and, therefore, did not believe that he was committing a crime. Defendant began by explaining to the court that he was "shooting for * * * the knowledge requirement"—an apparent reference to the *mens rea* requirement in ORS 475.840(3) (2009)—arguing that "there [was] going to be evidence that [defendant] thought it was just marijuana." The prosecutor responded, "That's not the

law[,]" a view that the trial court echoed. Citing *State v. Engen*, 164 Or App 591, 993 P2d 161 (1999), *rev den*, 330 Or 331 (2000), defendant acknowledged that, "if you say, * * * 'Oh, it—I thought it was cocaine and it's really meth,' that's not a defense."[2] Defendant argued, however, that the facts of this case differed because "what [defendant] thought it was a—not a crime." Later in the discussion, defendant again explained that his theory related to "knowledge—as far as the specific controlled substance." Defendant argued that the general rule—*i.e.*, that a defendant need not have known the exact nature of the controlled substance that he was charged with illegally possessing—did not apply where, as defendant asserted was true in this case, the defendant believed that he possessed only a substance (less than an ounce of dried marijuana) that "wouldn't be a crime" to possess. Defendant concluded,

> "So, that whole thing is—he thought it was just regular old marijuana. And, if that's the case—if—if he were correct, and that was less than an ounce, it wouldn't be a crime. And so, therefore, *it goes to his knowledge of what it was.*"

(Emphasis added.)

In response, the prosecutor argued that whether defendant had committed a crime had "nothing to do with whether [defendant] * * * knew what type of marijuana it was." After researching the issue during a break, the trial court ruled in the state's favor:

> "I read that [*Engen*] case over and over again, and I actually did some independent research. I couldn't find anything that supports what you are saying.
>
> "It seems to me like the elements are pretty straight forward, 'knowingly possesses a controlled substance.' Obviously, he doesn't have to know what the controlled substance is."

Accordingly, the court declined to give defendant's requested instruction.

---

[2] We explained in *Engen* that, under the statutes at issue in that case, including a predecessor to ORS 475.840(3) (2009), "[a] person who possesses a controlled substance, believing it to be a controlled substance, assumes the risk of 'mistake' as to the precise nature of the substance." 164 Or App at 608. Accordingly, the state was "not required to prove a defendant's knowledge of the particular type of controlled substance possessed." *Id.* at 609.

Defendant's case was tried to a jury, and the state trooper, who had arrested defendant, testified as described earlier in this opinion. Defendant also testified, admitting that he had been smoking from a pipe before the trooper approached him. Defendant asserted that he thought he had been smoking "weed, or marijuana." The jury convicted defendant, who appeals.

Before this court, defendant challenges the trial court's refusal to give his requested special jury instruction. He no longer argues, however, as he did below, that he was entitled to the requested instruction because it was relevant to his theory that he could not be convicted if he *believed* that he possessed only a substance (less than an ounce of dried marijuana) that is not a crime, under Oregon law, to possess. As detailed above, that theory related to the *mens rea* element of ORS 475.840(3) (2009), which provided that, with some exceptions, it was a crime to "knowingly or intentionally" possess a controlled substance.

Instead of arguing that he was entitled to the jury instruction because it was relevant to the *mens rea* requirement, defendant now contends that he was entitled to the instruction because it supported a theory "that the substance [he possessed] *was indeed* * * * the dried stems, leaves and flowers of the cannabis plant." (Emphasis added.) Thus, defendant now argues that the evidence "would have allowed a reasonable jury to infer that the substance in defendant's pipe *was* the stems, leaves or flowers of the cannabis plant as described in ORS 475.864 and in defendant's requested instruction." (Emphasis added.)

In response, the state acknowledges that "defendant has shifted his argument slightly on appeal[,]" but it does not contend that the argument that defendant makes to this court is unpreserved. Instead, the state argues that it presented unrebutted evidence that "conclusively established that defendant possessed hashish." Consequently, the state concludes, no evidence would have supported a jury finding that defendant actually had possessed only dried marijuana, and defendant therefore was not entitled to a jury instruction on that point.

We reject defendant's argument, but not for the reason advanced by the state. Our decision in this case is driven by our duty to determine, *sua sponte*, whether the arguments that an appellant raises on appeal are adequately preserved for our review. *See State v. Tryon*, 242 Or App 51, 53 n 1, 255 P3d 498 (2011) (describing obligation). That obligation persists even when, as here, the respondent takes the position that the appellant's argument is preserved. *See State v. Wentworth*, 252 Or App 129, 134-35, 284 P3d 1250 (2012) (rejecting argument as unpreserved despite the respondent's concession of preservation, which was "not well taken").

Generally speaking, a criminal defendant is entitled to a jury instruction if the instruction "correctly states the law," the instruction is "based on [the defendant's] theory of the case[,]" and the record includes evidence supporting that theory. *State v. Baty*, 243 Or App 77, 83, 259 P3d 98 (2011). In this case, a preservation problem arises because the theory of the case that defendant presented to the trial court differs significantly from the theory that he advances on appeal. Defendant's argument to the trial court was premised entirely on his theory that the state had to prove that he *knew* that he possessed hashish, not just dried marijuana. That is, defendant argued only that he was entitled to the instruction because jurors could find, based on the evidence presented, that defendant had believed that he was smoking dried marijuana and—if the jury so found—the state would have failed to prove the requisite mental state under ORS 475.840(3) (2009). The trial court's colloquy with the parties reveals that it understood defendant's argument to be directed solely to the *mens rea* element of the state's case, as did the prosecutor.

On appeal, defendant describes a fundamentally different theory of his case. He now argues that he was entitled to the jury instruction because the jurors could have found that he *in fact* did not possess hashish, but possessed only less than one ounce of dried marijuana. Had defendant presented that theory to the trial court, the parties could have fleshed out their positions on whether the record would allow the jury to infer that defendant had possessed only dried marijuana, the state might have sought to introduce

additional evidence on that point (the discussion about the requested special instruction occurred before the parties presented their evidence), and—depending on the outcome of those events—the trial court might have decided to give the instruction. Thus, defendant did not "provide the trial court with an explanation" of his *present* theory that was "specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction [were] warranted[,]" as is necessary to preservation. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (explaining preservation principles). Nor did defendant "identif[y] the asserted error to the trial court" with the "particularity" required by ORCP 59 H. Accordingly, the argument that defendant makes on appeal is not adequately preserved for our review, and we do not address it.

Affirmed.