Argued and submitted May 12, reversed and remanded July 23, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## JOHN FRANCISCO RAMOS,
*Respondent.*

(95D-105880; CA A94659)

942 P2d 841

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

### DEITS, C. J.

Defendant was charged with driving while under the influence of intoxicants (DUII). ORS 813.010. The state appeals from an order granting defendant's motion to suppress all evidence relating to defendant's performance of certain field sobriety tests and evidence of the results of an Intoxilizer test taken by defendant. The state argues that the trial court erred in allowing the motion to suppress. We reverse.

Deputy DeZotell began to follow defendant's vehicle after clocking it at 63 miles per hour in a 45 miles per hour zone. He saw the vehicle cross over the center line while rounding a curve. He continued to follow defendant and paced his vehicle at 75 miles per hour in a 55 miles per hour zone. DeZotell eventually activated the overhead lights on his patrol car. Defendant quickly slowed down and stopped the vehicle in the middle of the road. Upon approaching defendant, the officer smelled a "slight odor" of alcohol and a "strong odor" of something like after-shave coming from defendant's car.

Defendant produced his license without difficulty when asked to do so, but DeZotell noted that his speech was slightly slurred and his eyes were bloodshot. DeZotell also saw a case of beer on the passenger seat. When he asked defendant if he had been drinking, defendant replied that he had had two beers at a tavern. Defendant also said that he was not sure how fast he had been driving. DeZotell testified that while defendant was in his car, DeZotell asked him "if he would mind performing any field sobriety tests." According to DeZotell, defendant indicated that he would not mind doing the tests and got out of the car. The officer then gave defendant several field sobriety tests and later administered the Intoxilizer test. He did not advise defendant, pursuant to ORS 813.135 and ORS 813.136, of the consequences of refusing to take the tests.

Defendant moved to suppress the evidence of the field sobriety tests and the results of the Intoxilizer tests on the grounds that the stop was not supported by reasonable suspicion and that the officer lacked probable cause at the

time that he conducted the field sobriety tests. The state argued that the officer had reasonable suspicion to stop defendant and that, although administration of the field sobriety tests was a search, it was not unlawful here because defendant voluntarily consented to perform the tests.

Following the hearing, the trial court found that:

"1.  * * * Deputy DeZotell had valid grounds to stop Defendant's vehicle.

"2.  The State failed to articulate the subjective belief necessary to establish probable cause that the Defendant was driving under the influence of intoxicants before the officer administered field sobriety tests.

"3.  Officer DeZotell did articulate facts which did establish the objective criteria for probable cause to administer field sobriety tests."

Based on the above findings, the trial court concluded that the results of the field sobriety tests and the Intoxilizer test must be suppressed because of the state's failure to prove that DeZotell subjectively believed that defendant was driving under the influence of intoxicants at the time that he asked defendant to perform the field sobriety tests.

■     The state assigns error to the trial court's granting of the motion to suppress, arguing that consent is a valid exception to the warrant requirement and that probable cause is not a necessary prerequisite to *asking* a defendant for consent to perform field sobriety tests in the context of a DUII stop. The state is correct.[1] *State v. Maddux*, 144 Or App 34, 925 P2d 124 (1996). *See also State v. Lowe*, 144 Or App 313, 926 P2d 332 (1996).[2]

---

[1] To the extent that was otherwise suggested in *dictum*, in the dissent in *State v. Wetzell*, 148 Or App 122, 132 n 4, 939 P2d 106 (1997) (Armstrong, J., dissenting), we disapprove that suggestion.

[2] The trial court relied on *State v. Winroth*, 140 Or App 622, 915 P2d 991 (1996), and *State v. Demus*, 141 Or App 509, 919 P2d 1182 (1996), in concluding that probable cause was required before asking for consent to search. That reliance was misplaced. *Winroth* did not involve a consent search; rather, the state sought to justify the search based on probable cause and exigent circumstances. In *Demus*, we expressly did not address the question of whether voluntary consent is an exception to the requirement that an officer obtain a warrant before conducting field sobriety tests. 141 Or App at 513.

■ The state further asserts that defendant's consent here was voluntary. We agree. The state is required to show by a preponderance of the evidence that defendant voluntarily consented to the search; *i.e.*, to perform the field sobriety tests. *Maddux*, 144 Or App at 38. We are bound by the trial court's findings of historical fact if the findings are supported by the evidence. However, we are not bound by the trial court's ultimate conclusion as to voluntariness. Instead, we assess anew whether the facts are sufficient to meet constitutional standards. *Id.* "In assessing voluntariness, we examine the totality of the circumstances to determine whether defendant's consent was given 'by an act of free will or was the result of coercion, express or implied.'" *Lowe*, 144 Or App at 317, *quoting State v. Parker*, 317 Or 225, 230, 855 P2d 636 (1993).

■ Based on the undisputed evidence in the record here, we conclude that defendant's consent was voluntary. There is no evidence that Officer DeZotell did anything to coerce defendant to take the tests. He asked defendant, "if he would mind performing any field sobriety tests." According to the officer, defendant indicated that "he did not mind and began exiting the vehicle." Defendant did not dispute that testimony. During his testimony, he did not indicate that he felt coerced in any way. Defendant's consent to the field sobriety tests was voluntary and, accordingly, the trial court erred in granting defendant's motion to suppress.

Reversed and remanded.