Argued and submitted September 30, reversed and remanded October 22, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## JON W. BARBER,
*Respondent.*

(CR96-50147; CA A94803)

949 P2d 1236

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Walter J. Todd argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, Landau, Judge and Rossman, Senior Judge.

HASELTON, J.

**HASELTON, J.**

The state appeals from a pretrial order suppressing the results of field sobriety tests defendant performed during a lawful stop for driving under the influence of intoxicants. ORS 813.010. The trial court suppressed that evidence based on its conclusion that "an officer must have probable cause and exigent circumstances prior to asking a subject to perform field sobriety tests" and its determination that the requesting officer lacked subjective probable cause. In so holding, the court expressly rejected the state's contention that "defendant's consent allows an officer to administer field sobriety tests without probable cause." Given that disposition, the trial court made no findings, and rendered no determination, as to whether defendant did, in fact, voluntarily consent to perform the tests.

The trial court's legal premise was incorrect. In *State v. Ramos*, 149 Or App 269, 272, 942 P2d 841 (1997), we held that "consent is a valid exception to the warrant requirement and that probable cause is not a necessary prerequisite to *asking* a defendant for consent to perform field sobriety tests in the context of a DUII stop." (Emphasis in original.) On this record, there remain unresolved factual questions pertaining to whether defendant's performance of the tests was voluntary. Accordingly, we reverse and remand for the trial court to address those matters. *Compare Ramos*, 149 Or App at 273 (concluding "on the undisputed evidence in the record" that defendant's consent was voluntary).

Reversed and remanded.