Submitted January 26, reversed and remanded July 6, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK THOMAS LITTLE,
*Defendant-Appellant.*

Crook County Circuit Court
21CR04274; A176593

533 P3d 1107

Defendant appeals from a judgment of conviction, entered after a conditional guilty plea, for one count of driving while suspended or revoked, ORS 811.182. He argues that the trial court erred when it denied his motion to suppress the evidence discovered during a traffic stop. In particular, he contends that a single, minor deviation over the fog line is not enough to support a citation for failing to drive within a lane, ORS 811.370. *Held*: The Court of Appeals concluded that the intent of the legislature is clear that a momentary and minor lane deviation is not a violation of ORS 811.370. Because defendant's single digression over the fog line was momentary and minor, the officer did not have probable cause to stop defendant for failing to stay within his lane and defendant's motion to suppress should have been granted.

Reversed and remanded.

Annette C. Hillman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant appeals from a judgment of conviction, entered after a conditional guilty plea, for one count of driving while suspended or revoked, ORS 811.182. He argues that the trial court erred when it denied his motion to suppress the evidence discovered during a traffic stop. In particular, he contends that a single, minor deviation over the fog line is not enough to support a citation for failing to drive within a lane. *See* ORS 811.370(1)(a) (requiring that a driver "[o]perate the vehicle as nearly as practicable entirely within a single lane").[1] We conclude that a momentary and minor deviation over a lane line is not a violation of ORS 811.370 and therefore reverse and remand.

We review the trial court's ruling denying defendant's motion to suppress for legal error and are bound by the trial court's factual findings if there is any constitutionally sufficient evidence in the record to support them. *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017). In order to stop and detain a person for a traffic violation, an officer "must have probable cause to believe that the person has committed a violation." *State v. Rabanales-Ramos*, 273 Or App 228, 234, 359 P3d 250 (2015). Probable cause has two components: (1) at the time of the stop, the officer must subjectively believe that a violation has occurred; and (2) that belief must be objectively reasonable under the circumstances. *State v. Derby*, 301 Or App 134, 138, 455 P3d 1009 (2019). "For an officer's belief to be objectively reasonable, the facts, as the officer perceives them, must actually constitute a traffic violation." *Id*. Whether defendant's conduct constitutes a violation of ORS 811.370 presents a question of statutory construction, which we review for legal error. *Dept. of Human Services v. Hobart*, 318 Or App 52, 55, 507 P3d 299 (2022).

---

[1] ORS 811.370(1) provides:

"Except as provided in subsection (2) of this section, a person commits the offense of failure to drive within a lane if the person is operating a vehicle upon a roadway that is divided into two or more clearly marked lanes for traffic and the driver does not:

"(a) Operate the vehicle as nearly as practicable entirely within a single lane; and

"(b) Refrain from moving from that lane until the driver has first made certain that the movement can be made with safety."

Turning to the facts, at approximately 9:00 p.m. Sergeant Durheim saw a small blue car turn right from Highway 380 onto Juniper Canyon Road. Both of those roads have center lines dividing oncoming traffic and fog lines on the outside of each lane. As defendant turned right, Durheim saw defendant's back passenger side tire move over the fog line by the width of a tire, approximately six inches, and stay there for approximately 1.5 seconds. Durheim testified that there was nothing preventing defendant from traveling within a single lane without crossing the fog line on either Highway 380 or Juniper Canyon and he subjectively believed that he had probable cause to stop defendant for a violation of ORS 811.370. He stopped defendant and asked him for his driver's license. Defendant admitted that his license was revoked, a fact that Durheim confirmed through dispatch. Defendant was cited for driving while suspended or revoked, ORS 811.182.

Defendant filed a motion to suppress the fruits of the traffic stop, arguing that Durheim lacked probable cause that defendant had committed a traffic violation, because he observed only a *de minimis* deviation from the lane. The trial court determined that it was practicable for defendant to stay in his lane, and though it found that defendant's violation was "*de minimis*," it denied the motion to suppress because "no appellate court has decided that a *de minimis* touch of a lane line does not violate ORS 811.370." Defendant then entered a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress.

Defendant reprises his argument on appeal. The state responds that defendant's deviation was no less significant than other cases in which this court has found there was sufficient probable cause under ORS 811.370, and points to our decisions in *State v. Husk*, 288 Or App 737, 407 P3d 932 (2017), *rev den*, 362 Or 665 (2018), and *State v. Rosling*, 288 Or App 357, 406 P3d 184 (2017), *rev den*, 362 Or 389 (2018). Additionally, the state posits that the text of the statute does not provide an exception for a single, momentary deviation.[2]

---

[2] The state argues in a footnote that even if the statute did not prohibit minor lane deviations, that would not implicate whether the officer had probable cause to investigate, because probable cause is a lower standard that does not require

Although we have previously been called upon to interpret the meaning of ORS 811.370(1)(a), we have declined to reach the issue of whether a momentary and minor touching of a lane line is a violation of ORS 811.370. *See Derby*, 301 Or App at 140 n 1 ("If a driver is moving forward in a clearly marked lane, any deviation from the lane—except possibly a truly *de minimis* one—may constitute failure to maintain a lane."); *Rosling*, 288 Or App at 362 ("We agree with the state, although, in doing so, we need not reach the issue whether truly *de minimis* touching of a lane line is an offense under ORS 811.370."); *State v. McBroom*, 179 Or App 120, 125 n 3, 39 P3d 226 (2002) ("This is not a case in which defendant's car's tires touched the center line only briefly. We accordingly need not decide whether that act, standing alone, would give an officer probable cause to believe that a driver had failed to operate his or her car 'as nearly as practicable entirely within a single lane.'" (Quoting ORS 811.370(1)(a).)). To resolve that question, we must discern the intent of the legislature in enacting ORS 811.370.

When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with relevant legislative history, and, if necessary, canons of construction."[3] *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)). "[W]e give primary weight to the text and context of the disputed statutory terms," because "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." *Kinzua Resources v. DEQ*, 366 Or 674, 680, 468 P3d 410 (2020) (citations and internal quotation marks omitted).

We begin and end our analysis with the text. ORS 811.370(1)(a) provides that a person commits the offense of failure to drive within a lane if the driver does not "[o]perate

---

certainty. We reject that contention because to satisfy the standard for probable cause, "the facts, as the officer perceives them, must actually constitute a traffic violation." *Derby*, 301 Or App at 138.

[3] The parties have not cited, and we have not found any legislative history that is helpful to our analysis. *See* ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court.").

the vehicle as nearly as practicable entirely within a single lane[.]" We have previously interpreted "within a single lane" to mean that drivers must stay "within" the lines, and does not permit driving "on" the lines. *McBroom*, 179 Or App at 124. We also construed "practicable" to mean "possible to practice or perform," "capable of being put into practice, done or accomplished," or "feasible." *Id*. at 124-25 (citation and internal quotation marks omitted). Were those the only words in the statute, that language would indicate that the statute prohibits any and all departures onto the lane lines, because ORS 811.370 would require that a driver operate their vehicle as close to within the lane lines as feasible.

However, the text mandates that a driver operate the vehicle within a single lane "as *nearly* as practicable." ORS 811.370(1)(a) (emphasis added). The statute does not define, nor have we previously interpreted, the word "nearly" in this context. "In the absence of any evidence to the contrary, we assume that the legislature intended to give those words their plain, natural, and ordinary meaning, relying on dictionaries that were in use at the time the statute was enacted." *State v. Delaurent*, 320 Or App 191, 195, 514 P3d 113, *rev den*, 370 Or 303 (2022) (citations and internal quotation marks omitted). "Nearly" is defined in relevant part as "within a little : all but : ALMOST" and "with an approach to completeness or exactness: APPROXIMATELY." *Webster's Third New Int'l Dictionary* 1510 (unabridged ed 2002). Those definitions demonstrate that the legislature did not intend to require exact compliance with ORS 811.370 at all times. The phrase "as nearly as practicable" thus provides flexibility to drivers as they attempt to comply with the requirement to stay "within a single lane." ORS 811.370(1)(a).

That interpretation of the phrase "as nearly as practicable" is consistent with the way the Supreme Court has interpreted that phrase in the context of other statutes. *See, e.g.*, *Farmer v. Baldwin*, 346 Or 67, 77, 205 P3d 871 (2009) (identifying the phrase "as nearly as practicable" as one of the key terms indicating that ORAP 5.90 "does not require exact compliance"); *Hartung v. Bradbury*, 332 Or 570, 587, 33 P3d 972 (2001) (citing the phrase "as nearly as practicable" in ORS 188.010(1) as demonstrating "the flexibility that

is built into the statutes and rules"). It is also consistent with the legislature's policy goals in enacting the vehicle code. The purpose of the vehicle code is "[t]o provide maximum safety for all persons who travel or otherwise use the public highways of this state[.]" ORS 801.020(11)(a). A driver who makes a momentary and minor deviation in crossing or touching a lane line is not necessarily creating a safety risk with their conduct.

Had the legislature wanted to prohibit *any* lane deviations in the absence of circumstances making compliance impracticable, the legislature could have done so by, for example, using the phrase "whenever practicable." *See Webster's* at 2602 (defining "whenever" in relevant part as "at any or all times that : in any or every instance in which"). The legislature knows how to indicate a mandatory obligation. *See, e.g.*, ORS 163.741(2) ("Whenever a stalking protective order *** is served on a respondent, the person serving the order shall immediately deliver to the county sheriff a true copy of proof of service[.]"); ORS 618.236(1) ("Whenever any commodity or service is sold, offered or exposed for sale, by weight, measure or count, the price shall not be misrepresented[.]"); *Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) ("Shall is a command: it is used in laws, regulations, or directives to express what is mandatory." (Citation and internal quotation marks omitted.)); Office of Legislative Counsel, Bill Drafting Manual 4.4 (18th ed 2018) ("To impose an obligation to act, use 'shall.'").

Our conclusion is reinforced by the fact that construing the statute to allow for some lane deviations gives meaning to the word "nearly." *See* ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."); *Crystal Communications, Inc. v. Dept. of Rev.*, 353 Or 300, 311, 297 P3d 1256 (2013) ("As a general rule, we construe a statute in a manner that gives effect, if possible, to all its provisions."). If any and all instances of touching a lane line would violate the statute, the word "nearly" becomes superfluous. *See Cloutier*, 351 Or at 98 ("[A]n interpretation that renders a statutory provision meaningless should give us pause[.]"). Therefore, the intent of the legislature is clear

that a momentary and minor lane deviation is not a violation of ORS 811.370.[4]

We turn to the facts in this case to determine whether defendant's conduct constituted a momentary and minor lane deviation, such that he operated his vehicle as "nearly" as practicable within a single lane. The evidence demonstrates that, as defendant was turning to exit Highway 380 onto Juniper Canyon Road, his back right passenger tire drove over the fog line by the width of a tire and stayed there for approximately 1.5 seconds—a momentary and minor crossing over the fog line that the trial court characterized as "*de minimis*." Contrary to the state's contention that defendant's conduct "was no less significant than other violations that this court has previously concluded were sufficient to support probable cause," that single, incidental crossing of the fog line is the most minor digression we have had occasion to address, when accounting for both the number of deviations observed and the safety risk of a given deviation.[5] Accordingly, defendant did not fail to remain "as

---

[4] The policy arguments in favor of limiting officers from stopping citizens for very minor traffic offenses have been thoroughly explored in scholarly literature. *See, e.g.*, Harvey Gee, *"U Can't Touch This" Fog Line: The Improper Use of a Fog Line Violation as a Pretext for Initiating an Unlawful Fourth Amendment Search and Seizure*, 36 N Ill U L Rev 1, 2 (2015) (observing that "police are relying on statutes as an excuse to pull over cars which may have only momentarily crossed the fog line and where the drivers have done nothing else unlawful" and that this practice "affords police tremendous leeway to conduct pretextual stops, unreasonably detain suspects, and unlawfully search vehicles"); Lewis R. Katz, *"Lonesome Road": Driving Without the Fourth Amendment*, 36 Seattle U L Rev 1413, 1413 (2013) (asserting that "[o]ur streets and highways have become a police state where officers have virtually unchecked discretion about which cars to stop for the myriad of traffic offenses contained in state statutes and municipal ordinances"); Melanie D. Wilson, *"You Crossed the Fog Line!"—Kansas, Pretext, and the Fourth Amendment*, 58 U Kan L Rev 1179, 1180 (2010) (noting that data from Kansas indicates that Kansas police "rely on minor traffic violations as an excuse" to stop certain vehicles and noting that "[r]ecently, officers have relied on lane violations" in particular).

[5] *See, e.g.*, *Husk*, 288 Or App at 738 (defendant's car briefly straddled new lane dividing line as lane widened from one lane into two lanes); *Rosling*, 288 Or App at 359 (defendant's tire touched the left lane line before crossing over the right fog line); *State v. Wentworth*, 252 Or App 129, 134-35, 284 P3d 1250 (2012) (declining to address defendant's unpreserved argument that crossing the fog line by one or two inches for one or two seconds was too incidental and momentary to satisfy ORS 811.370); *State v. Vanlom*, 232 Or App 492, 494, 222 P3d 49 (2009) (defendant's left tires drove onto double yellow center line and then his right tires drove onto fog line three times); *McBroom*, 179 Or App at 122 (defendant's tires drifted onto one of the double yellow center dividing lines and stayed

nearly as practicable entirely within a single lane." ORS 811.370(1)(a).

Because such a momentary and minor lane deviation is not a violation of ORS 811.370, Durheim did not have probable cause to stop defendant for failing to stay within his lane, and defendant's motion to suppress should have been granted.[6]

Reversed and remanded.

---

there for 300 feet or more); *cf. State v. Roberts*, 241 Or App 589, 591, 251 P3d 232, *rev den*, 350 Or 574 (2011) (rejecting defendant's argument that the fog line is not a demarcation of a lane such that crossing over the fog lane twice would not be a violation of ORS 811.370(1)).

[6] The phrase "as nearly as practicable entirely within a single lane" is also contained in section 11-309(a) of the Uniform Vehicle Code (2000). While no uniform interpretation of that provision has been adopted across the jurisdictions that have enacted it, we observe that our interpretation of that language is consistent with the approaches taken by the courts of several other states. *See, e.g.*, *State v. Marx*, 289 Kan 657, 674, 215 P3d 601, 612 (2009) (reasoning that "[t]he express language employed—'as nearly as practicable'—contradicts the notion that any and all intrusions upon the marker lines of the chosen travel lane constitute a violation"); *Commonwealth v. Enick*, 70 A3d 843, 847 (Pa Super Ct 2013), *rev den*, 624 Pa 671 (2014) (distinguishing from the case before it the statutory language requiring motorists to maintain a single lane "as nearly as practicable," because that language "does not foreclose minor deviations"); *State v. Prado*, 145 Wash App 646, 647, 186 P3d 1186, 1186-87 (2008) (concluding that the "requirement that automobile drivers remain within a single lane of travel 'as nearly as practicable' does not impose strict liability" and that "[a] vehicle crossing over a lane once for one second by two tire widths does not, without more, constitute a traffic violation"); *State v. Livingston*, 206 Ariz 145, 148, 75 P3d 1103, 1106 (Ariz Ct App 2003), *rev den* (Apr 19, 2004) (determining that the language "as nearly as practicable" demonstrates "an express legislative intent to avoid penalizing brief, momentary, and minor deviations outside the marked lines").