***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 30, reversed and remanded October 4, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICKEY ROBERT KROSKE,
*Defendant-Appellant.*

Crook County Circuit Court
20CR36262; A177542

Annette C. Hillman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Defendant appeals from a judgment of conviction, entered after a conditional guilty plea, for one count of driving under the influence of intoxicants (DUII), ORS 813.010. In his sole assignment of error, he argues that the trial court erred when it denied his motion to suppress the evidence discovered during a traffic stop. Defendant contends that two momentary bumps, onto but not over the fog line, are not enough to support a citation for failing to drive within a single lane under ORS 811.370. Based on *State v. Little*, 326 Or App 788, 533 P3d 1107 (2023), we conclude that "momentary and minor deviation[s]" onto a fog line are not a violation of ORS 811.370 and therefore reverse and remand.

We review a trial court's denial of a motion to suppress for legal error, and we are bound by the trial court's factual findings "if there is constitutionally sufficient evidence in the record to support those findings." *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). "In order to stop and detain a person for a traffic violation, an officer 'must have probable cause to believe that the person has committed a violation.'" *Little*, 326 Or App at 789 (quoting *State v. Rabanales-Ramos*, 273 Or App 228, 234, 359 P3d 250 (2015)). "Probable cause has two components: (1) at the time of the stop, the officer must subjectively believe that a violation has occurred; and (2) that belief must be objectively reasonable under the circumstances." *Id*. (citing *State v. Derby*, 301 Or App 134, 138, 455 P3d 1009 (2019)). "For an officer's belief to be objectively reasonable, the facts, as the officer perceives them, must actually constitute a traffic violation." *Id*. (internal quotations omitted). Whether the facts establish probable cause for a traffic violation is a question of law that is reviewed for legal error. *State v. Hughes*, 311 Or App 123, 132, 488 P3d 795 (2021).

Sergeant Durheim[1] of the Crook County Sheriff's office stopped defendant for a traffic stop after observing defendant make three lane deviations that he believed to be violations of ORS 811.370.[2] Durheim first observed defen-

---

[1] At the time of the traffic stop, Sergeant Durheim was ranked as a Deputy.

[2] Out of the three observed lane deviations, the trial court found that the third deviation was justifiable, and thus based its ruling on the first two deviations, finding that the defendant violated ORS 811.370 twice.

dant's tire momentarily drive onto, but not over, the fog line as defendant drove past him. Durheim then followed defendant and again observed defendant's vehicle protrude onto the fog line, "in a short way and not all that much." From evidence gathered during the traffic stop, defendant was charged with DUII, ORS 813.010.

Prior to trial, defendant moved to suppress evidence obtained from Durheim's search and argued that Durheim did not have an objectively reasonable belief that he committed a traffic violation, because the lane deviations were *de minimis*. The trial court denied defendant's motion to suppress, concluding that the lane deviations were not *de minimis* under existing case law; defendant entered a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress.

On appeal, defendant argues that the officer did not have probable cause to stop him for a traffic violation, because the observed lane deviations were *de minimis* and therefore not a violation of ORS 811.370. The state disagrees and argues that Durheim did have probable cause, as he had an objectively reasonable belief that the observed lane deviations were violations of ORS 811.370.

We agree with defendant that Durheim did not have probable cause; under *Little*, 326 Or App 788, defendant's lane deviations were *de minimis* and did not support an objectively reasonable belief that defendant violated ORS 811.370. Although *Little* was not decided at the time of defendant's trial, the trial court's denial of defendant's motion to suppress is still legal error. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial.").

In *Little*, the defendant was exiting a highway when he drove "over the fog line." 326 Or App at 794. The defendant's tire was the entire width of a tire over the fog line for 1.5 seconds, which was characterized by the trial court as *de minimis*. *Id*. We determined that that deviation was in fact *de minimis* and, therefore, not a violation of ORS

811.370(1)(a), as the defendant "did not fail to remain 'as nearly as practicable entirely within a single lane.'" *Id*. at 794-95 (citing ORS 811.370(1)(a)). Similarly, here, Durheim observed defendant's tire momentarily drive onto, but not over, the fog line as defendant drove past him and again observed defendant's vehicle protrude onto the fog line, "in a short way and not all that much." Those momentary and minor lane deviations are *de minimis* and not a violation of ORS 811.370(1)(a). Because Durheim's subjective belief that defendant committed a traffic violation was not objectively reasonable, Durheim did not have probable cause, and defendant's motion to suppress should have been granted.

Reversed and remanded.