238 August 7, 2024 No. 544

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMIH ASSAAD SADAKA,
*Defendant-Appellant.*

Marion County Circuit Court
21CR22107; A180197

Jodie A. Bureta, Judge.

Argued and submitted July 3, 2024.

Andy Simrin argued the cause for appellant. Also on the brief was Andy Simrin PC.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Egan, Presiding Judge, Kamins, Judge, and Walters, Senior Judge.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

In this criminal case, defendant appeals his conviction for driving under the influence of intoxicants (DUII) after a conditional guilty plea. ORS 813.010. In his sole assignment of error, defendant argues that the trial court erred when it denied his motion to suppress evidence of field sobriety tests, because the record was not sufficient to show that defendant voluntarily consented to the tests. We conclude that the trial court did not err. *See State v. Little*, 326 Or App 788, 789, 533 P3d 1107 (2023) (noting that we review the trial court's denial of a motion to suppress for legal error).

Here, after the officer asked defendant if he would perform the field sobriety tests, defendant said, "whatever you need." The trial court concluded that, in so responding, defendant had voluntarily consented to the search. That conclusion was not erroneous. As the trial court noted, the evidence did not indicate that the officer's request or presence was so coercive that it indicated to defendant that he had no choice but to submit to the tests. *See State v. Ramos*, 149 Or App 269, 273, 942 P2d 841 (1997) (determining that the defendant's consent for the officer to perform the field sobriety tests was voluntary when "[t]here [was] no evidence that [the officer] did anything to coerce defendant to take the tests," the officer asked the defendant if he would mind performing any field sobriety tests, and the defendant indicated that he did not mind and exited the vehicle).

Affirmed.