466 October 29, 2025 No. 933

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EVAN ALLEN HARMON,
*Defendant-Appellant.*

Tillamook County Circuit Court
24CR18038; A184865

Mari Garric Trevino, Judge.

Argued and submitted October 6, 2025.

Morgen E. Daniels, Deputy Public Defender, argued the cause and filed the brief for appellant. On the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kasey Anne Hooker, Deputy Public Defender, Office of Public Defense Commission.

E. Nani Apo, Assistant Attorney General, argued the cause and filed the brief for respondent. With her on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Lagesen, Judge, and Jacquot, Judge.

LAGESEN, C. J.

Remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction, entered after a conditional guilty plea, for one count of driving under the influence of intoxicants, ORS 813.010. In his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence that derived from a traffic stop for failure to drive within a lane, ORS 811.370. In his second assignment of error, defendant contends that the trial court erred by "ordering defendant to pay per diem fees in the written judgment without announcing that condition at sentencing." As we explain, we remand for resentencing because the court erroneously ordered defendant to pay per diem fees without announcing that requirement at sentencing but otherwise affirm.

*Motion to Suppress.* Defendant argues that the trial court erred when it determined that the officer who stopped him had probable cause to believe that defendant had failed to stay within a lane in violation of ORS 811.370(1). *State v. Husk*, 288 Or App 737, 739, 407 P3d 932 (2017), *rev den*, 362 Or 665 (2018) ("Under Article I, section 9, of the Oregon Constitution, before a police officer may stop a citizen for a traffic violation, the officer must have probable cause to believe that a violation occurred."). An officer has probable cause to believe that a traffic violation occurred if the officer subjectively believes that a violation occurred, and the officer's belief is objectively reasonable in view of the facts as the officer perceived them at the time. *Id.* at 739. Defendant contends that, although the truck that he was driving did not stay within a traffic lane, the truck's deviation from the traffic lane was "momentary and minor" and therefore not a violation of ORS 811.370(1)(a). *See State v. Little*, 326 Or App 788, 789, 533 P3d 1107 (2023) (concluding that "a momentary and minor deviation over a lane line is not a violation of ORS 811.370").

Reviewing for legal error and accepting the trial court's explicit and implicit findings of fact that are supported by the record, *Husk*, 288 Or App at 739 (setting forth our standard of review), we conclude that the trial court did not err.

As relevant here, when operating a vehicle on "a roadway that is divided into two or more clearly marked

lanes for traffic," a driver "commits the offense of failure to drive within a lane" if the driver does not "[o]perate the vehicle as nearly as practicable entirely within a single lane." ORS 811.370(1)(a). As we have construed it, the statute allows both for (1) lane deviations when the circumstances make it impracticable for a driver to maintain their lane, and (2) "momentary and minor lane deviation[s]," in the absence of circumstances "making compliance impracticable." *Little*, 326 Or App at 793-94; *State v. McBroom*, 179 Or App 120, 125, 39 P3d 226 (2002) (explaining that the defendant violated ORS 811.370(1)(a) when he drove outside of his lane and there was "nothing in th[e] record *** to suggest that defendant failed to stay within his lane because he was responding to an apparent hazard or because he had some other valid reason for leaving his lane"). In this case, defendant does not dispute that he strayed from his lane, and he does not contend that the circumstances made it impracticable for him to maintain his lane. Instead, he asserts that his lane deviation, as observed by the officer who stopped him, was "momentary and minor" under *Little*, such that the officer who stopped him lacked probable cause to believe that defendant had violated ORS 811.370.

We disagree. We need not definitively resolve what it means to be a "momentary and minor lane deviation" under *Little* and we acknowledge, as did the trial court, that defendant's lane deviation was temporally short. Defendant's departure from his lane as described by the officer and illustrated by photographs entered into evidence, although quick in time, cannot plausibly be characterized as "minor." The officer testified that he first observed defendant's truck approaching when the truck was nearly 200 feet away from where the officer was parked in the shoulder. At the time, defendant's truck was rounding a slight curve, and more than half of defendant's truck was driving over the fog line. As one of the photos entered into evidence indicates, defendant's conduct reasonably could be described as driving mostly in the shoulder, and mostly outside of the designated lane. When the truck reached the officer's location, defendant's truck was, in the officer's words, "more in its lane of travel" but still over the fog line. Considering those circumstances—the degree to which defendant's truck

was over the fog line and the distance that defendant covered while his truck was not "entirely" within its lane—defendant's lane deviation was not in any sense minor. *Compare Little*, 326 Or App at 790 (deviation from traffic lane "minor" when one tire on the defendant's car crossed a fog line by approximately six inches), *with State v. Koteen*, 344 Or App 527, 533-34, ___ P3d ___ (2025) (deviation from traffic lane not "minor" where, among other facts, approximately "half" of defendant's car was in a bicycle lane and it was "occupying much of, if not most of, that bicycle lane"). On those facts, the trial court was correct to conclude that the officer's observations of defendant gave him probable cause to believe defendant violated ORS 811.370(1). *See Husk*, 288 Or App at 739 (describing when an officer has probable cause to believe a traffic violation has occurred).

   *Per Diem Fees.* Defendant argues that the trial court erred when it ordered defendant to pay "any required per diem fees" in the judgment of conviction without having announced that condition at defendant's sentencing hearing. *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing."). The state concedes that the trial court so erred and asserts that we should remand for resentencing. We agree with and accept that concession, and we remand for resentencing. *See State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024) (error to impose per diem fees in judgment where trial court did not "address per diem fees at the sentencing hearing").

   Remanded for resentencing; otherwise affirmed.