## STATE OF OREGON,
*Respondent,*

*v.*

## NEIL G. HINES,
*Appellant.*

### (86-CR-42; CA A40060)

735 P2d 618

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

Young, J., dissenting.

## WARDEN, P. J.

Defendant appeals from a judgment of conviction for robbery in the first degree. He assigns error to the trial court's submission to the jury of Uniform Criminal Jury Instruction No. 1005,[1] contending that it unfairly shifted the burden of proof to him.

Defendant relies on *State v. Rainey,* 298 Or 459, 693 P2d 635 (1985), which involved an instruction explaining what is *prima facie* evidence and stating that proof of an unlawful delivery of a controlled substance is *prima facie* evidence of knowledge of its character. The court stated:

> "The challenged instruction related to a presumption or inference used to prove an element of a crime and, therefore, should not have been given. In addition, the objectionable instruction concluded with the statement that 'prima facie evidence means evidence * * * sufficient to establish a given fact and which if not rebutted or contradicted will remain sufficient.' We find it probable that a rational juror would have interpreted this instruction to mandate a finding of knowledge, unless this fact was rebutted by defendant, from the admitted fact of delivery of a controlled substance. The instruction stated a rebuttable presumption against the accused. Thus, the burden of persuasion on a fact necessary to constitute the crime charged, which was an element of the offense, was placed on the criminal defendant. We hold that this allocation was an unlawful denial of the right of defendant to be convicted only upon proof of guilt beyond a reasonable doubt. ORS 136.415. This was error and was prejudicial." 298 Or at 468.

In *dictum,* the Supreme Court stated that "even an abstract or general inference instruction *applied to an element of the crime* may conflict with the more-likely-than-not or beyond-a-reasonable-doubt standard * * *." 298 Or at 467. (Emphasis supplied.) It cited Uniform Criminal Jury Instruction No. 1005 as an example.

In this case, the jury instruction was not given with reference to an element of the crime charged. The instruction

---

[1] Uniform Criminal Jury Instruction No. 1005 provides:

"In deciding this case you may draw inferences and reach conclusions from the evidence, provided that your inferences and conclusions are reasonable and are based upon your common sense and experience."

did not tell the jurors that they could draw any specific inference, much less an inference against defendant. Those were the faults in the instruction condemned in *Rainey*. Here, inferences were not necessary to find defendant guilty beyond a reasonable doubt. There was sufficient direct evidence from which the jury could make that finding. We conclude that the giving of the instruction was not error.[2]

Affirmed.

**YOUNG, J.,** dissenting.

The majority holds that the instruction passes muster, because it does not refer to any particular element of the crime charged and because it was not "necessary" for the jury to draw inferences in order to find defendant guilty. I disagree on both points.

The majority's first explanation stands *State v. Rainey,* 298 Or 459, 693 P2d 635 (1985), on its head. In my view, the instruction here is even more offensive than the instruction in *Rainey,* because it could apply to *every* element of the crime, not just to one element, as in *Rainey.* The majority apparently believes that *Rainey's* statement that "even an abstract or general inference instruction *applied* to an element of the crime may conflict with the more-likely-than-not or beyond-a-reasonable-doubt standard," 298 Or at 467 (emphasis supplied), means that a general instruction conflicts with the applicable standard *only* if a trial court instructs the jury to apply the inference to an element of the crime. That logic is patently wrong, because the instruction would then no longer be an abstract or general one. The court must have meant that permitting a *jury* to apply an inference to any element of the crime charged conflicts with the state's burden of proof.

The majority also reasons that "inferences were not necessary to find defendant guilty beyond a reasonable doubt[, because t]here was sufficient direct evidence from which the jury could make that finding." 84 Or App at 684. The majority

---

[2] As the dissent would apply *Rainey,* it would be almost impossible to prosecute cases in which the evidence is all circumstantial, because the jurors would not be told that they could make any inferences from the facts in evidence. So long as they are correctly instructed that a finding of guilty cannot be made on less than proof beyond a reasonable doubt, it cannot be error to also instruct them that they may use their powers to reason and common sense.

misses the point. The issue is not whether it was "necessary" for the jury to draw inferences, but whether the jury *could* draw them. If so, it was error to give the instruction. The majority does not suggest that it was impossible for the jury to apply the general inference instruction to some element of the crime, and the jury may well have done so. It was prejudicial error to give the instruction.