Submitted December 3, 2021, affirmed February 8, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL SCOTT THOMAS,
*Defendant-Appellant.*

Grant County Circuit Court
19CR46690; A173467

524 P3d 969

A jury convicted defendant of one count of misdemeanor driving under the influence of intoxicants, ORS 813.010(4). Defendant appeals, raising four assignments of error: (1) that, under *State v. Tripathi*, 226 Or App 552, 204 P3d 134 (2009), the trial court erred by admitting defendant's urinalysis (UA) without determining whether it met the foundational requirements applicable to scientific evidence; (2) that the trial court otherwise abused its discretion under OEC 403 by admitting the UA; (3) that the trial court erred when it delivered Uniform Criminal Jury Instruction (UCrJI) 1008 regarding inferences; and (4) that the trial court erred when it declined to deliver defendant's proposed special instruction on inferences. *Held*: The plain terms of ORS 813.131(5) made the UA categorically admissible; *Tripathi* did not help defendant because it does not represent the current state of the law. The Court of Appeals further concluded that the trial court did not abuse its discretion in concluding that the probative value of defendant's UA was not substantially outweighed by the danger of unfair prejudice. Finally, pursuant to *State v. Hines*, 84 Or App 681, 735 P2d 618, *rev den*, 303 Or 590 (1987), the trial court did not err when it delivered UCrJI 1008 and not defendant's proposed jury instruction.

Affirmed.

W. D. Cramer, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Jacquot, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.*

_____

* Jacquot, P. J., *vice* James, J. pro tempore.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

A jury convicted defendant of one count of misde-meanor driving under the influence of intoxicants (DUII), ORS 813.010(4). Defendant appeals, raising four assign-ments of error: (1) that the trial court erred by admitting defendant's urinalysis (UA) without determining whether it met the foundational requirements applicable to scien-tific evidence; (2) that the trial court otherwise abused its discretion under OEC 403 by admitting the UA; (3) that the trial court erred when it delivered Uniform Criminal Jury Instruction (UCrJI) 1008 regarding inferences; and (4) that the trial court erred when it declined to deliver defendant's proposed special instruction on inferences. We affirm.

*UA*. We start with the question whether the trial court erred when it admitted evidence of defendant's UA. As noted, defendant identifies two alleged errors: admitting the evidence without requiring the state to satisfy the foun-dational standards for the admission of scientific evidence articulated in *State v. Brown*, 297 Or 404, 687 P2d 751 (1984), and *State v. O'Key*, 321 Or 285, 899 P2d 663 (1995), and abusing its discretion under OEC 403 in admitting the evidence. We conclude that the trial court did not err in either respect.

The first question is whether the trial court erred by admitting the UA without requiring the state to demon-strate that it satisfied the *Brown/O'Key* standards. In this instance, the legislature has promulgated a statute gov-erning the admissibility of UAs in criminal and civil cases, making the question one of law. That means we review for legal error. *See, e.g.*, *State v. Curiel*, 316 Or App 215, 222, 504 P3d 629 (2021) (reviewing for legal error trial court's deter-mination that evidence was admissible under evidentiary rule codified by statute).

As the state points out, the legislature has made UAs performed by specified laboratories categorically admissible in civil and criminal cases and proceedings for the purpose of demonstrating whether a person was driving under the influence of intoxicants. ORS 813.131(5) provides:

"(a)   At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, *a valid chemical analysis of a person's urine is admissible as evidence* and may be used with other evidence, if any, to determine whether the person was driving while under the influence of intoxicants.

"(b)   *A chemical analysis of a person's urine is valid if analysis is performed in an accredited or licensed toxicology laboratory.*"

*Id.* (emphases added). Here, there is no dispute that defendant's UA was performed in an accredited toxicology laboratory. The plain terms of ORS 813.131(5) therefore made the UA categorically admissible on the point of whether defendant was under the influence of intoxicants. In view of that legislative choice, the state was not required to demonstrate additionally that UAs otherwise meet the requirements of *Brown* and *O'Key*.

Arguing that we should conclude otherwise, defendant points to our decision in *State v. Tripathi*, 226 Or App 552, 204 P3d 134 (2009). There, we concluded that a trial court properly excluded a UA based on the state's failure to demonstrate that it satisfied applicable foundational requirements for admissibility. *See generally id.* In rejecting the state's argument that UAs were categorically admissible under the version of ORS 813.131 in effect at the time, we noted that "ORS 813.131 does not mention the use of urinalysis as evidence in a court proceeding," and, ultimately, concluded that the legislature "did not intend to eliminate the otherwise applicable foundational requirements for the admission of urinalysis evidence in a DUII case." *Id.* at 560-61.

*Tripathi* does not assist defendant because after we decided it, the legislature amended ORS 813.131(5) to its present form, the plain terms of which make UAs performed by accredited or licensed laboratories admissible. *See* Or Laws 2009, ch 325, § 1. In fact, as the staff measure summary for the amendments make clear, the express purpose of those amendments was to override *Tripathi*:

"Under current law there are provisions that determine the admissibility of breath and blood test results in DUII

and DUII-related cases. However, there are not specific provisions dealing with the admission of urine tests which are a required component for drug recognition examinations given to drivers suspected of driving under the influence of controlled substances. This disparity was recently highlighted by the Oregon Court of Appeals in *State v. Tripathi*, 226 Or 552, [304] P3d [134] (2009). In *Tripathi*, the court observed: 'Unlike ORS 813.160, ORS 813.300, and ORS 813.322, which expressly create criteria for the admission of breath and blood test results, there is no analogous provision in the implied consent law for urine testing.'

"HB 3051A would address this disparity by creating an evidentiary standard for admitting urine analysis evidence when it has been performed in a licensed or accredited lab. This change is consistent with the provisions that govern admissibility of breath and blood samples."

Staff Measure Summary, House Committee on Judiciary, HB 3051, Apr 28, 2009; *see Couey v. Atkins*, 357 Or 460, 479, 355 P3d 866 (2015) (looking to staff measure summary as probative of legislative intent). Given the statutory amendments, *Tripathi* does not represent the current state of the law; under the plain terms of ORS 813.131(5) evidence of a UA is admissible in a DUII or DUII-related case, provided that it was conducted by a qualifying laboratory. The trial court did not err in admitting defendant's UA without requiring the state to meet the *Brown/O'Key* foundational standards.

Defendant also argues that the court abused its discretion under OEC 403 by admitting the UA and, alternatively, that the record is not adequate for us to review whether the court properly exercised its discretion under OEC 403. We conclude to the contrary that the record is adequate to permit review and, further, that the court did not abuse its discretion in concluding that the probative value of defendant's UA was not substantially outweighed by the danger of unfair prejudice.

*Jury instructions on inferences.* Defendant's remaining two assignments of error challenge the jury instructions related to inferences. In his third assignment of error, defendant contends that the trial court erred in delivering UCrJI No. 1008, regarding inferences. In his fourth assignment of

error, he contends that the trial court erred in declining to deliver his proposed special instruction on inferences. Those arguments run counter to case law, and we reject them for that reason.

Regarding defendant's third assignment of error, UCrJI No. 1008, delivered by the trial court, states:

> "In deciding this case you may draw inferences and reach conclusions from the evidence, if your inferences and conclusions are reasonable and are based on your common sense and experiences."

Defendant contends that that instruction is erroneous because, in his view, it lessens the burden of proof, notwithstanding the fact that the jury was instructed correctly that a finding of guilt requires proof beyond a reasonable doubt. As the state points out, we rejected the same argument in *State v. Hines*, 84 Or App 681, 735 P2d 618, *rev den*, 303 Or 590 (1987), concluding that, "[s]o long as [the jury is] correctly instructed that a finding of guilty cannot be made on less than proof beyond a reasonable doubt, it cannot be error to also instruct them that they may use their powers to reason and common sense" and may draw reasonable inferences from the evidence. *Id*. at 684 n 2. In his reply brief, defendant acknowledges that *Hines* is contrary to his position and argues that we should overrule it, but we generally do not consider arguments raised for the first time in a reply brief, *see State v. Murga*, 291 Or App 462, 468-69, 422 P3d 417 (2018), and do not do so here. Beyond that, we note that our conclusion in *Hines* appears consistent with the Supreme Court's decision in *State v. Hedgpeth*, 365 Or 724, 732, 452 P3d 948 (2019), which rejected the contention that, to be reasonable, an inferred fact must *necessarily* follow from the evidence:

> "The notion that reasonable inferences are those that follow necessarily from the state's evidence cannot be squared with our case law that the evidence may give rise to multiple reasonable inferences and that the choice between those reasonable inferences is a matter for the jury."

In other words, defendant's reply-brief argument for overruling *Hines* also appears to be in tension with *Hedgpeth*,

another reason we decline to exercise our discretion to consider it.

Regarding defendant's fourth assignment of error, defendant requested that the trial court supply the jury with the following instruction:

> "In deciding this case you may draw inferences and reach conclusions from the evidence. However, an inferred fact must be one that you are convinced follows beyond a reasonable doubt from the underlying facts. Evidence is insufficient to support an inference when the conclusion to be drawn from it requires too great an inferential leap. Likewise, evidence is insufficient to reach a conclusion when it requires the stacking of inferences to the point of speculation."

Defendant contended that his instruction more accurately explained the law of inferences and their relationship to the state's burden. The court declined to deliver the instruction and delivered the uniform instruction instead. On appeal, defendant contends that that was error, renewing his arguments below.

As we have explained, even if a requested instruction correctly states the law, a trial court need not deliver it if the issue is adequately covered by other instructions. *Torres v. Persson*, 305 Or App 466, 475, 471 P3d 119 (2020), *rev den*, 367 Or 535 (2021). Here, assuming without deciding that defendant's instruction was legally correct (the state argues that it is not wholly consistent with *State v. Rainey*, 298 Or 459, 693 P2d 635 (1985)), under *Hines*, the instructions given by the trial court regarding inferences and the state's burden of proof beyond a reasonable doubt adequately covered the issues of inferred facts and the requirement that guilt be found beyond a reasonable doubt. The trial court therefore did not err when it declined to deliver defendant's requested instruction.

Affirmed.