242 February 28, 2024 No. 143

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN ALLEN BARR,
*Defendant-Appellant.*

Linn County Circuit Court
22CR19558; A179003

Brendan J. Kane, Judge.

Submitted January 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of numerous property crimes based on a series of incidents on April 21, 2022, at several businesses in Linn County. On appeal, he raises three assignments of error. Defendant argues that the trial court erred by (1) denying his motion for a judgment of acquittal on Counts 6, 7, and 8; (2) imposing upward durational departure sentences on Counts 2, 3, 4, 5, 10, and 11; and (3) ordering payment of "per diem" fees as part of his sentences on Counts 1, 6, 7, 8, 9, 12, 13, and 14. We reject the first two arguments with minimal written discussion, but we agree on the third issue and, accordingly, remand for resentencing.

Defendant first challenges the denial of his motion for a judgment of acquittal on Counts 6, 7, and 8, which pertain to crimes committed at the Tangent Inn. The crux of defendant's argument is that the evidence was legally insufficient to prove that the person shown on the Tangent Inn's surveillance video was him. Having reviewed the trial record "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt," *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995), we conclude that the evidence was legally sufficient to prove that it was defendant who committed the crimes. We therefore reject the first assignment of error.

Defendant next challenges the imposition of upward durational departure sentences on Counts 2, 3, 4, 5, 10, and 11. Because he did not object at sentencing, he requests plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (providing discretion to correct a "plain" error even if unpreserved). We conclude that the alleged error is not "plain," because the legal point—which involves a complicated question of statutory construction—is not "obvious" and is reasonably in dispute. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating the requirements for "plain" error,

one of which is that the legal point must be obvious and not reasonably in dispute). We therefore also reject the second assignment of error.

In his third assignment of error, defendant contends that the trial court erred by ordering him to pay "per diem" fees as part of his sentences on Counts 1, 6, 7, 8, 9, 12, 13, and 14. The court did not address per diem fees at the sentencing hearing. However, as to each misdemeanor count for which defendant was sentenced to time in the county jail— *i.e.*, the eight counts listed above—the judgment provides that "[d]efendant shall pay any required per diem fees." The judgment further states, as to each count, that defendant may receive credit for time served and "has already served this time." On appeal, defendant argues that it was error to include the "per diem" term in the judgment without announcing it at sentencing, and he requests resentencing. In response, the state neither concedes error nor defends the term, instead arguing that the claim of error is moot or that any error was harmless, because no per diem fees will ever be collected in actuality.

The trial court erred by including a previously unannounced term in the sentencing judgment. "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted); *see also State v. Macy*, 312 Or App 234, 236 n 2, 492 P3d 1277 (2021) ("[A] defendant is not required to preserve a challenge to a portion of a sentence that appeared for the first time in a judgment because the defendant had no opportunity to preserve the challenge at a hearing where that sentence was never announced.").

We are unpersuaded that the claim of error is moot or that the error is harmless. For both arguments, the state relies on the fact that defendant was given credit for time served and, consequently, after trial went directly to prison to serve his felony sentences, without spending any more time in the county jail. The problem with that argument is that ORS 169.151—which the parties agree is the apparent

source of the "per diem" fees referenced in the judgment—allows a city or county to seek per diem reimbursement for *pretrial* detention, if the person is ultimately convicted:

> "(1)   A city or, notwithstanding ORS 169.150(1), a county may seek reimbursement from a person who is or was committed to the local correctional facility of the county or city upon conviction of a crime for any expenses incurred by the county or city in safekeeping and maintaining the person. The county or city may seek reimbursement:
>
> "(a)   At a rate of $60 per day or its actual daily cost of safekeeping and maintaining the person, whichever is less, *multiplied by the total number of days the person was confined to the local correctional facility, including, but not limited to, any period of pretrial detention*; and
>
> "(b)   For any other charges or expenses that the county or city is entitled to recover under ORS 169.150.
>
> "(2)   The county or city may seek reimbursement for expenses as provided in subsection (1) of this section by filing a civil action no later than six years after the person from whom reimbursement is sought is released from the local correctional facility."

ORS 169.151 (emphasis added).

The record reflects that defendant was detained pretrial in the county jail for at least 50 days. Given that fact and the text of ORS 169.151(1)(a), we reject the state's closely related harmlessness and mootness arguments.[1] *See Dept. of Human Services v. J. A.*, 324 Or App 445, 448, 525 P3d 1245 (2023) (a party asserting mootness must show that the court's decision will not "have a practical effect on the rights of the parties" (internal quotation marks omitted)). We therefore remand for resentencing, based on the error in sentencing on Counts 1, 6, 7, 8, 9, 12, 13, and 14.

Finally, the parties' arguments in this case call into doubt whether trial courts have authority to order criminal

---

[1] It bears noting that, if the state is correct that defendant has no practical liability for per diem fees, then the same would have been true on the day that defendant was sentenced, in which case there was no reason to include that term in the judgment. The fact that it was included therefore tends to suggest that the court believed that defendant could be liable for per diem fees, which is consistent with ORS 169.151(1)(a).

defendants to pay per diem fees as part of sentencing. We express no opinion on that issue, which may be raised on remand.

Remanded for resentencing; otherwise affirmed.