No. 944 December 26, 2024 127

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SPENCER JOSEPH BARRETT,
*Defendant-Appellant.*

Lane County Circuit Court
19CR17970; A181588

Beatrice N. Grace, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Portion of judgment requiring defendant to pay per diem fees vacated; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for third-degree assault, ORS 163.165, and driving under the influence of intoxicants (DUII), ORS 813.010. Defendant raises two assignments of error. In the first, defendant contends that the trial court erred when it "allow[ed an officer] to testify that field sobriety tests are nationally standardized," because, in defendant's view, that testimony was scientific evidence without a proper foundation. Reviewing for legal error, *State v. Beltran-Chavez*, 286 Or App 590, 610, 400 P3d 927 (2017), we conclude that the trial court did not err. In the second, defendant contends that the trial court erred in "ordering defendant to pay per diem fees" in the written judgment, because the trial court failed to impose the fees at the sentencing hearing. The state concedes the error and, consistent with our decision in *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024), we accept that concession.

Defendant was charged with second-degree assault and DUII after he caused a head-on motor vehicle collision, agreed to participate in field sobriety tests (FSTs), and was arrested on suspicion of DUII. The state offered the testimony of a responding officer concerning the nature and reliability of the FSTs administered to defendant at the scene of the incident. Defendant moved to exclude that testimony, and the state opposed that motion. The trial court allowed the challenged testimony, which is described below.

In his first assignment of error, defendant challenges the trial court's ruling allowing the officer's testimony confirming that FSTs are "nationally standardized," a "nationally accepted method," and an "accurate indicator" of intoxication. In defendant's view, "[e]ven if testimony that FSTs are 'standardized' might not, all on its own, suggest the imprimatur of science, the context of [the officer]'s testimony put that implication to the jury." The state responds that the officer's testimony about national standardization and acceptance of FSTs as accurate indicators of intoxication was properly based on the officer's training and experience.

Having reviewed the record, including the officer's testimony in the context of the trial record as a whole, we do

not understand that testimony to have required a scientific foundation. To the extent that its purpose was to underscore the validity of FSTs, the testimony rested on the officer's training and experience regarding the proper administration and reliability of FSTs in discerning potential signs of intoxication.

This case is not like *State v. Eatinger*, 298 Or App 630, 631, 448 P3d 636 (2019), in which we determined that an officer's testimony that FSTs are "scientifically validated and 'the product of scientific research'" was scientific evidence requiring a scientific foundation. Here, the testifying officer did not invoke "science," "research," or any related source of validity for FSTs.

This case is also not like *State v. Ortiz*, 325 Or App 134, 528 P3d 795 (2023), *rev'd on other grounds*, 372 Or 658, 554 P3d 796 (2024), on which defendant primarily relies. In *Ortiz*, the challenged testimony included a reference to FSTs being "supported by studies prov[ing] their validity," which we identified as "particularly concerning." *Id*. at 138-39. Here, the officer's testimony did not include any reference to "studies" or any other comment suggesting to the jury that FSTs have scientific validity.[1]

Thus, we conclude that the trial court did not err in allowing the testimony, as supported by the officer's training and experience in investigating DUII cases by administering FSTs.

In his second assignment of error, defendant challenges the imposition of per diem fees in the judgment, after the trial court did not mention fees at defendant's sentencing hearing. The state concedes that the trial court so erred, under our decision in *Barr*, 331 Or App at 244, and that concession is well-taken. We vacate the trial court's imposition of the challenged fees and remand to the trial court for resentencing.

---

[1] This case is also not like our recent decision in *State v. Hall*, 336 Or App 812, 822, ___ P3d ___ (2024) (slip op at 13), in which we determined that, "without a proper foundation, officers cannot *** testify that observing two or more clues on [walk-and-turn test and the one-leg stand test] indicates impairment." Suffice it to say that the officer's testimony in this case was different than the officer's testimony in *Hall*.

Portion of judgment requiring defendant to pay per diem fees vacated; remanded for resentencing; otherwise affirmed.