226 February 26, 2025 No. 145

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILLIP BRYSON TOMLIN,
aka Phillip Tomlin,
*Defendant-Appellant.*

Deschutes County Circuit Court
23CR45276, 23CN04327; A182809 (Control), A182810

Beth M. Bagley, Judge.

Submitted February 5, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Remanded for resentencing in Case No. 23CR45276; otherwise affirmed.

**LAGESEN, C. J.**

In this consolidated appeal, defendant pleaded guilty to third-degree escape in Case No. 23CR45276, and he admitted to the charge of contempt of court in Case No. 23CN04327. On appeal, his only challenge is to part of his sentence in Case No. 23CR45276. We remand for resentencing in that case and otherwise affirm.[1]

The judgment in Case No. 23CR45276 provides that defendant may be considered for any form of alternative sanction and defendant shall pay any required per diem fees, but that requirement to pay per diem fees was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court."). The appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244-46, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was included in the judgment but not announced in open court at sentencing).

Remanded for resentencing in Case No. 23CR45276; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.