440 April 2, 2025 No. 280

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CASEY HUNTER FALK,
*Defendant-Appellant.*

Polk County Circuit Court
22CR58226; A183312

Norman R. Hill, Judge.

Submitted February 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

Defendant pleaded guilty to driving under the influence of intoxicants, ORS 813.010(4). The trial court sentenced defendant to 18 months of probation, 30 days in jail with credit for time served, and 80 hours of community service. The judgment provides that defendant may be considered for alternative sanctions and defendant shall pay any required per diem fees, but that requirement to pay per diem fees was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Here, the trial court erred in imposing the requirement to pay a per diem fee in the judgment because it was not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing).

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.