No. 362 April 23, 2025 97

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
SAMUEL TEKLE BEREKET,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR37076; A180672

Michael A. Greenlick, Judge.

Submitted February 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for felon in possession of a firearm, ORS 166.270, felony fleeing or attempting to elude a police officer, ORS 811.540, misdemeanor fleeing or attempting to elude a police officer, ORS 811.540, and reckless driving, ORS 811.140 (2019).[1] He assigns error to the trial court's denial of a motion for judgment of acquittal on the reckless driving charge, arguing that there was insufficient evidence. The state remonstrates that defendant failed to preserve his claim of error and that, in any event, the record contains sufficient evidence to support the court's denial of his motion for judgment of acquittal. We affirm on the first assignment of error. Defendant also argues, in his second assignment of error, that the court erred by imposing per diem fees on Counts 6, 7, and 8 because those fees were not announced at sentencing. The state concedes the error. We agree and remand the case for resentencing.

As an initial matter, because the parties are familiar with the underlying procedural and historical facts, we do not provide a detailed recitation for this nonprecedential memorandum opinion. Turning to defendant's first assignment of error, assuming without deciding that the claim of error is adequately preserved for appellate review, we conclude that the trial court did not err when it denied defendant's motion for judgment of acquittal. In reviewing a challenge to the sufficiency of the evidence, we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the state and assess whether the evidence in the record permitted the factfinder to find each of the elements of the offense beyond a reasonable doubt. *State v. Dye*, 329 Or App 1, 6, 540 P3d 66 (2023), *rev den*, 372 Or 437 (2024).

On appeal, defendant contends that the evidence is not sufficient to show that he had a reckless state of mind when he was driving. We conclude, however, that a rational

---

[1] The 2019 version of ORS 811.140 applies to defendant's conduct. That statute was amended in 2023. Or Laws 2023, ch 158, § 2. Other than the numbering of the subsections, the portion of the statute under which defendant was charged and convicted did not change. *Compare* ORS 811.140(1) (2019) *with* ORS 811.140(1)(a).

factfinder could find from the evidence in the record that defendant would have been aware of, and consciously disregarded a substantial and unjustifiable risk of harm to pedestrians, other drivers, and vehicles and other property in the area. He was driving at a high rate of speed and making sudden turns. Indeed, defendant's erratic driving caused him to lose control such that he hit a curb while attempting to turn and damaged his car in a way that made it drive "weird." A factfinder could infer that those facts would have made defendant aware of a risk of losing control of the vehicle and of the vehicle potentially leaving the roadway, which could put pedestrians at risk and pose a risk to property. In addition, he was driving over the speed limit in a residential area, overtaking cars in his own lane of travel, and making sudden turns. A factfinder could find that those facts also would have made him aware that his driving posed a risk to other drivers, pedestrians, and to property. In short, even assuming that defendant adequately preserved the merits of his argument for appellate review, we conclude that the trial court correctly denied his motion for judgment of acquittal given the evidence adduced at trial. Accordingly, we reject defendant's first assignment of error.

On the second assignment of error—*viz.*, the trial court's imposition of per diem fees in the judgment without having announced the fees at sentencing—we accept the state's concession and remand for resentencing. *See State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024) (imposing "per diem" fees in judgment without first announcing that term at sentencing was error and required resentencing).

Remanded for resentencing; otherwise affirmed.