758 May 29, 2025 No. 464

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DIONICII BASARGIN,
aka Dionicii N. Basargin,
*Defendant-Appellant.*

Marion County Circuit Court
23CR43925, 23CN04918; A183565 (Control), A183566

Donald D. Abar, Judge.

Submitted April 11, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Orders to pay per diem fees reversed; otherwise affirmed.

**LAGESEN, C. J.**

Defendant was convicted of unlawful use of a weapon constituting domestic violence, ORS 166.220; menacing constituting domestic violence, ORS 163.190; unlawful use of a weapon, ORS 166.220; and menacing, ORS 163.190. On each of the unlawful use of a weapon convictions, the trial court sentenced defendant to 24 months in prison. On each of the menacing convictions, the court ordered defendant to 180 days in jail and ordered him to "pay any required per diem fees." On appeal, defendant assigns error to the trial court's order that he pay per diem fees because that requirement was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We reverse the orders that defendant pay per diem fees and otherwise affirm.[1]

A trial court errs in imposing a requirement to pay a per diem fee in the judgment when that requirement was not announced at sentencing, and typically the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing). However, because the trial court in this case stated on the record its intent to "waive all financials," we reverse the orders that defendant pay per diem fees rather than remanding for sentencing. *See State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (reversing portions of judgment requiring the defendant to pay conviction fee and bench probation fee without remanding for resentencing when the trial court declared that it would "waive all fees").

Orders to pay per diem fees reversed; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.