304 June 11, 2025 No. 540

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REBECCA LEE SMITH,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CR07957; A183386

Walter Randolph Miller, Jr., Judge.

Submitted May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140. She initially pleaded guilty to reckless driving, which was reduced to a violation, and pleaded no contest to DUII and entered diversion. The trial court ultimately revoked defendant's DUII diversion and sentenced her to 18 months of bench probation and two days in jail, and ordered defendant to "pay any required per diem fees."

Defendant contends that the trial court erred when it included the per diem fees in the judgment without pronouncing that term in her presence at sentencing. The state concedes the error and we accept the concession. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) ("The trial court erred by including a previously unannounced term in the sentencing judgment.").

Defendant maintains that the appropriate remedy is for us to reverse the per diem fees outright, and that remand for resentencing is unnecessary because the record reflects that the trial court did not intend to impose any additional monetary obligations. However, although the court expressly suspended other fees and fines at sentencing, it did not address per diem fees one way or another. On resentencing, the court may clarify its intention regarding per diem fees.

Remanded for resentencing; otherwise affirmed.