72 December 24, 2025 No. 1115

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER DWAYNE HURLOCK YOUNG,
*Defendant-Appellant.*

Lane County Circuit Court
24CR18905; A185191

Michelle P. Bassi, Judge.

Submitted November 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Orders to pay per diem fees reversed; otherwise affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for unlawful use of a weapon based on his guilty plea, for which the trial court sentenced him to 36 months of probation with 45 days in jail as a condition. He assigns error to the order in the judgment that he "shall pay any required per diem fees" because that requirement to pay per diem fees was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We reverse the order that defendant pay per diem fees and otherwise affirm.[1]

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). A trial court errs in imposing a requirement to pay a per diem fee in the judgment when that requirement was not announced at sentencing, and typically the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing). However, because the trial court in this case stated on the record its intent to "waive any fines or fees associated with this," we reverse the orders that defendant pay per diem fees rather than remanding for sentencing. *See State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (reversing portions of judgment requiring the defendant to pay conviction fee and bench probation fee without remanding for resentencing when the trial court declared that it would "waive all fees").

Orders to pay per diem fees reversed; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.