No. 153 February 25, 2026 483

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VERNON JOHN HILGERSON,
*Defendant-Appellant.*

Linn County Circuit Court
24CR53641, 24CR64412, 24CR66720, 25CR05425;
A187199 (Control), A187200, A187201, A187202

Heidi M. Sternhagen, Judge pro tempore.

Submitted January 9, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Judgments in case numbers 24CR66720, 24CR64412, 25CR05425, and 24CR53641 remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

In this consolidated appeal, defendant appeals from four judgments of conviction entered pursuant to defendant's plea of no contest to one count of felon in possession of a restricted weapon, ORS 166.270, in case number 24CR66720, and three counts of criminal driving while suspended or revoked, ORS 811.182, in case numbers 24CR64412, 25CR05425, and 24CR53641. Defendant was sentenced to 120 days in jail on each of the four convictions, ordered to pay a $100 fine, and "pay any required per diem fees." Defendant argues that the trial court erred by including an order to pay per diem fees in the judgments without announcing the requirement at sentencing, and the state correctly concedes the error. *State v. Barr*, 331 Or App 242, 545 P3d 772, *rev den*, 372 Or 720 (2024) (trial court erred by including previously unannounced per diem fee in sentencing judgment); *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has a right to have their sentence announced in open court. A trial court errs if it does not do so, and the result is usually a resentencing.") (Internal citations omitted.).

The trial court did not announce the per diem fees at sentencing, nor did it indicate that it would waive those fees. The parties agree, and so do we, that under the circumstances a remand for resentencing is required under *Barr*. Accordingly, we remand the case for resentencing.

Judgments in case numbers 24CR66720, 24CR64412, 25CR05425, and 24CR53641 remanded for resentencing; otherwise affirmed.[1]

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.