No. 381     May 6, 2026     345

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN KENNETH OARD,
*Defendant-Appellant.*

Linn County Circuit Court
24CR16991; A185913

Keith B. Stein, Judge.

Submitted March 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Remanded for resentencing; otherwise affirmed.

_____

\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Pursuant to a plea agreement, defendant pleaded no contest to two counts of fourth-degree assault constituting domestic violence, and resisting arrest, and the state agreed to dismiss other charges. In the written judgment, the court imposed, on the resisting arrest conviction, a sentence of 90 days in jail—deemed served—and it ordered defendant to pay "any required per diem fees." That requirement to pay per diem fees was not announced in open court at sentencing. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing.

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Here, the trial court erred in imposing in the judgment the requirement to pay a per diem fee that was not announced at sentencing; the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing).

Remanded for resentencing; otherwise affirmed.