298 June 3, 2026 No. 493

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN LEE OLMSTED,
*Defendant-Appellant.*
Lane County Circuit Court
24CR07285, 24CR04578; A186606 (Control), A186607

Bradley A. Cascagnette, Judge.

Submitted April 10, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

In Case No. 24CR07285, affirmed. In Case No. 24CR04578, remanded for resentencing; otherwise affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

In this consolidated case, defendant appeals a conviction after a jury trial for unlawful possession of 10 or more grams of methamphetamine (Case No. 24CR07285; A186606) and a conviction pursuant to a guilty plea for driving under the influence of intoxicants (Case No. 24CR04578; A186607). In Case No. 24CR07285, defendant challenges the trial court's decisions to give the uniform jury instruction on inferences and to not give defendant's proposed special jury instruction on inferences. We affirm on that assignment of error. In Case No. 24CR04578, defendant assigns error to the trial court's inclusion of a provision in the judgment requiring defendant to pay per diem fees when that provision was not announced at sentencing. We remand for resentencing in that case.

In Case No. 24CR07285, the trial court gave the uniform jury instruction on inferences, UCrJI 1008; it also instructed the jury on the presumption of innocence and the state's burden of proof. The trial court declined to give defendant's proposed special instruction on inferences. Defendant argues that those rulings were in error. Defendant's arguments are foreclosed by *State v. Thomas*, 324 Or App 114, 524 P3d 969 (2023). In *Thomas*, we held that the uniform instruction on inferences did not lessen the state's burden of proof when the jury was also instructed correctly on the state's burden of proof. *Id*. at 119. We also assumed without deciding that the defendant's proposed instruction was a correct statement of the law but held that the trial court nevertheless did not abuse its discretion in declining to give the defendant's proposed special instruction on inferences because the uniform instructions on inferences and the state's burden of proof adequately covered those issues. *Id*. at 120 ("[E]ven if a requested instruction correctly states the law, a trial court need not deliver it if the issue is adequately covered by other instructions."). This case is not meaningfully distinguishable from *Thomas*. We therefore reject defendant's first and second assignments of error.

Turning to Case No. 24CR04578 and defendant's third assignment of error, defendant assigns error to the inclusion of per diem fees in the judgment when that term

was not announced at sentencing. "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). The state concedes the error and agrees that the proper remedy is resentencing. We agree with and accept the state's concession. The trial court erred in imposing the requirement to pay a per diem fee in the judgment because it was not announced at sentencing, and the appropriate remedy is a remand for resentencing. *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024).

In Case No. 24CR07285, affirmed. In Case No. 24CR04578, remanded for resentencing; otherwise affirmed.