No. 521 June 10, 2026 459

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACOB DUSCHELL WEBER,
*Defendant-Appellant.*

Polk County Circuit Court
22CR59486, 23CR45662; A184017 (Control), A184018

Rafael A. Caso, Judge.

Submitted February 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Judgments in Case Nos. 22CR59486 and 23CR45662 remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

In this consolidated appeal, defendant appeals from a judgment in Polk County Case No. 22CR59486, convicting him after a bench trial of first-degree criminal possession of a forged instrument, ORS 165.002, and a judgment in Polk County Case No. 23CR45662, convicting him after a jury trial of first-degree theft, ORS 164.005. In his first assignment of error, defendant contends that, in Case No. 23CR45662, the trial court erred in excluding his only witness based on a discovery violation. For the reasons explained here, we conclude that the trial court did not err in excluding the witness, and we therefore affirm defendant's conviction. In his second assignment of error, defendant contends that in both cases, the judgments of conviction erroneously include a requirement for payment of *per diem* fees that were not announced in open court. The state agrees that the trial court erred by imposing *per diem* fees for the first time in the written judgments, and that both judgments should be remanded for resentencing. We accept the state's concession, affirm defendant's convictions, and remand both judgments for resentencing.

The first-degree theft charge in Case No. 23CR45662 arose out of the theft of a trailer from a storage unit. After the state had rested its case-in-chief, defense counsel announced that defendant would be calling Spray as a witness on behalf of the defense. Defense counsel acknowledged that Spray had not been included in the defense witness list, but explained that the defense had been "trying to make contact" with her and was "able to make contact with her just this week," but "did not confirm her attendance until this morning." The state objected, pointing out that it had had no prior notice of the witness and no opportunity to contact her.

Upon questioning by the court, defense counsel explained that Spray was not a rebuttal or alibi witness, but part of defendant's case in chief. Counsel stated that he only learned Spray's name "this week," and not "right this minute." In response to the court's question as to why the defense had "withheld the name of a potential witness," counsel stated that he did not know until "yesterday" that the defense would be calling Spray as a witness.

The court ruled that, in failing to disclose the name of the witness to the state, the defense had committed a discovery violation and would not be permitted to call the witness. Neither party moved for a continuance or asked the court to consider alternative sanctions.

On appeal, defendant does not contest the trial court's determination that defendant's failure to disclose the witness to the prosecutor was a discovery violation, *see* ORS 135.835(1) (requiring that a defendant disclose to the district attorney "[t]he names and addresses of persons, including the defendant, whom the defense intends to call as witnesses at the trial, together with relevant written or recorded statements or memoranda of any oral statements of such persons other than the defendant"), or that the state was prejudiced by the violation. But he argues that the trial court's ruling excluding the witness, rather than imposing some lesser sanction or ordering a continuance to alleviate the state's prejudice, denied him compulsory process, including the ability to call a witness in his defense, in violation of Article I, section 11, of the Oregon Constitution (guaranteeing a criminal defendant the right "to have compulsory process for obtaining witnesses in his favor * * *"), and the Sixth Amendment to the United States Constitution (stating that, "In all criminal prosecutions, the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor * * *").

The state responds, correctly, that defendant was required to but did not preserve his contention that the discovery violation could have been cured with a lesser sanction or by continuance. *State v. Cunningham*, 197 Or App 264, 105 P3d 929, *rev den*, 339 Or 406 (2005) ("'When, as here, a party subject to a sanction for a discovery violation does not deny at trial that it is subject to some sanction, its failure to object to the particular sanction imposed by the judge or, in the alternative, to argue for some other sanction, fails to preserve a claim on appeal that the judge erred in failing to consider the availability of a less onerous sanction.'" (Quoting *State v. Mai*, 294 Or 269, 343, 656 P2d 315 (1982))). Because he failed to preserve his argument, and defendant does not request plain error review, we decline to

reach it. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (noting "we ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so").

In his second assignment of error, defendant contends that the sentencing judgments in both cases mistakenly require him to pay "any required *per diem* fees," the court having not mentioned *per diem* fees in open court. The state concedes error, *see State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (a court errs in imposing *per diem* fees in a defendant's judgment without first announcing them at the sentencing hearing), and that preservation is excused because the fees appeared for the first time in the written judgments. We accept the state's concession and remand the judgments for resentencing.

Judgments in Case Nos. 22CR59486 and 23CR45662 remanded for resentencing; otherwise affirmed.