570 June 10, 2026 No. 540

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM WALTER SHARBONO,
*Defendant-Appellant.*

Marion County Circuit Court
22CR44333; A184966

Amy M. Queen, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. William Sharbono filed the supplemental brief *pro se.*

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for unlawful use of a weapon. On appeal, he contends that the trial court erred in declining to give a jury instruction on inferences. Defendant also raises several *pro se* supplemental claims of error. We affirm.

During his trial, defendant asked the court to give the following instruction on inferences:

"In deciding this case you may draw inferences and reach conclusions from the evidence if your inferences and conclusions are reasonable and based on your common sense and experience. However, an inferred fact must be one that you are convinced follows beyond a reasonable doubt from the underlying facts. Reasonable inferences are permissible; speculation and guesswork are not."

(Underscoring in original.)[1]

The court declined to give that instruction, concluding that it was not "an appropriate instruction to give in this matter." The court used the uniform jury instruction on inferences instead: "In deciding this case, you may draw inferences and reach conclusions from the evidence if your inferences and conclusions are reasonable and based on your common sense and experience." The court also instructed the jury that the state had to prove defendant's guilt beyond a reasonable doubt and that it should "not decide this case on guesswork, conjecture, or speculation."

On appeal, defendant contends that the trial court erred in refusing to give his requested instruction because it was a correct statement of the law and supported by the evidence. He also argues that instructions the jury received did not adequately inform them that "inferred facts had to be found beyond a reasonable doubt," thereby lowering the state's burden of proof.

For the same reasons that we articulated in *State v. Hines*, 84 Or App 681, 683-84, 735 P2d 618, *rev den*, 303 Or 590 (1987) and *State v. Thomas*, 324 Or App 114, 120, 524 P3d 969 (2023), we disagree that the instructions that the

---

[1] Defendant's proposed instruction was based on our decision in *State v. Bivins*, 191 Or App 460, 83 P3d 379 (2004).

trial court gave lessened the state's burden of proof, thereby necessitating that it give defendant's requested instruction.

Additionally, the instructions given by the trial court on inferences and the state's burden of proof adequately covered the issues of inferred facts and the requirement that guilt be found beyond a reasonable doubt. *State v. Roberts*, 293 Or App 340, 345, 427 P3d 1130 (2018) (a trial court does not err in failing to give an instruction if it is "unnecessary because the instructions that the trial court gave fully covered the substance of the requested instruction"). The trial court therefore did not err in declining to give defendant's requested instruction.

With respect to defendant's *pro se* supplemental claims of error, we note that defendant does not assign error to any trial court rulings, as ORAP 5.45 requires. We also decline to address his claims because no legal argument is sufficiently developed. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

Affirmed.